————o————

F. J. CORPENNY, Respondent, *vs.* CITY OF SEDALIA, Appellant.

1. *Practice, civil—Insufficient pleading—Motion in arrest, etc.*—Where enough can be gleaned from a petition to show that plaintiff has a cause of action, a motion in arrest, on the score of insufficient statement, will be overruled.

2. *Venue, change of—Notice, what necessary.*—The "reasonable notice" of application for change of venue, required by the statute, (Wagn. Stat., 1356, § 4) is not necessarily the five days' notice prescribed by the General Statute touching service of notices. (Wagn. Stat., 1010, § 25.) The latter section was intended to furnish nothing more than a general rule for the guidance of the trial courts, and was never intended to be of universal application, or absolute and inflexible in its character.

Thus, where pending the impaneling of a jury, the court adjourned over Sunday, an application for change of venue, filed on the opening of the court Monday morning, was held in that case neither deficient in point of time, nor by reason of failure of written notice.

3. *Venue, change of—Affidavit sworn to by city attorney, when proper.*—The affidavit attached to the petition of a municipality for change of venue, is properly sworn to by the city attorney rather than by the mayor.

4. *Venue, change of—Application for—Proof not necessary, when.*—Where an application for change of venue is made after answer filed, on the ground that the cause for such change arose or became known to deponent after the filing, if the application complies with the statute, (Wagn. Stat., 1355-6, § 2) as to its recitals and verifications, it is sufficient to establish a *prima facie* right to the order. The applicant is not compelled to follow the statute literally, and establish by evidence *aliunde*, the facts sworn to.

*Appeal from Pettis Circuit Court.*

*Draffin & Williams,* for Appellant.

*Snoddy & Bridges and Phillips & Vest,* for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiff alleged in his petition, that he was the owner of a certain lot in the city of Sedalia, and had built on said lot a large two-story brick business house, with a large cellar thereunder, in accordance with the established grade, but that the city had so negligently constructed a drain or sewer, as to flood the premises of plaintiff, and fill his cellar with the waters collected from all portions of the city, greatly injuring his building, and reducing the rents below the sum for which it had formerly rented, &c., &c. This petition is very inartificially drawn, but enough, I think, can be gleaned from its allegations to show that plaintiff has a cause of action. The motion in arrest, based on the alleged insufficiency of the petition, was, therefore properly overruled.

But the question to which the counsel have chiefly directed their attention in argument, is whether there was error in the refusal to grant the defendant a change of venue. It appears from the record, that the parties had announced themselves ready for trial on Saturday, and a portion of the jurors were sworn and examined, but owing to a lack of time to complete the panel on that day, the cause was continued for further proceedings until the following Monday, at which time, and as soon as the court opened, and while the jury was being called, the defendant made application for the change above referred to, based on the alleged prejudice of the judge, and the alleged undue influence which the plaintiff had over his mind. The application also set forth that the knowledge of these matters first came to the defendant since the adjournment of the court on the preceding Saturday, and was verified by the affidavit of the city attorney to the effect that the petition was true, and that he had good cause to believe that the defendant could not have a fair trial, on account of the causes therein alleged. The bill of exceptions does not recite the reasons which moved the court to overrule the application, but it is not unworthy of remark that the record entry, which sets forth that the application was overruled, is not confined to that statement, as

is usual in entries of that character, but proceeds to set forth the grounds upon which such action was based, which were: want of notice to the plaintiff; that the application was irregular, and that the same was not made in good faith, but for delay. And yet it does not appear, either from the record entry referred to, nor from the bill of exceptions, that plaintiff offered any resistance to the granting of the application on account of the lack of notice of its intended presentation or because of its defects in any other particular.

The defendant, upon the refusal of the application, abandoned the cause at that point, and tendered its exceptions. The panel of jurors was then completed in the absence of the defendant, and a trial had, resulting in a verdict for the plaintiff. Our statute respecting notices, provides that ("unless otherwise provided by law") they shall be served at least five days prior to the time "appointed for the hearing of the motion, pleading or other proceeding." (Wagn. Stat., §§ 22, 25, p. 1010.)

As no different manner is prescribed in the act concerning venue, it is presumed that when it refers to "reasonable notice," as a pre-requisite in granting the change, that reference is thereby intended to the general law on the subject of notices and their proper methods of service. But I am very unwilling to believe that that provision of the statute was ever designed to furnish anything more than a general rule for the guidance of the trial courts, or was ever intended to be of universal application, or absolute and inflexible in its character. Our statute also contains a provision, that "motions in a cause filed in term, shall be filed at least one day before they may be argued or determined." And yet, in Curtis vs. Curtis, (54 Mo., 351) where a motion was filed, heard and determined on the last day of the term, it was held no error, this court remarking that, "it is not thought that the statute designs to furnish, in this regard, anything more than a general rule, which must yield when the necessity of the case is so great as to demand it."

In Reed vs. The State, (11 Mo., 380) the sole ground upon which a reversal of the judgment of the court below was had-

was the refusal to grant the defendant a change of venue. His first application therefor, was filed on the 23rd of September, and the prejudice of the judge was alleged as the cause. This application being overruled five weeks thereafter, and on the day of the trial, he gave the prosecuting attorney written notice, and immediately renewed his former application, based on the same ground as before, amplified by the allegation that since his first application he had become more convinced of the judge's prejudice, and further alleging that the knowledge of such prejudice first came to him on the day of his former application. And this court in that case held that the filing of the first application, although overruled, was of itself notice.

Under the circumstances of the case at bar, inasmuch as Sunday intervened, and as the application was made and filed as soon as the court opened on Monday morning, I do not regard the application as deficient in point of time, or because of lack of a written notice. To hold that a party should in every case notify his adversary beforehand, of his intended application, would be equivalent to saying that when the information which would authorize a change of venue, came too late to give such notice, the party who received it, would, without any fault on his part, be debarred from having his cause tried in a court where no pre-conceived bias would operate against him, and tend to his defeat.

It would seem that a court against whom so grave a charge as that of partiality is made, (however frivolous or false the charge might be deemed) would gladly avail itself of an opportunity to be freed from trying a cause, the trial of which might be connected with such a serious imputation.

There is no force in the objection that the affidavit was sworn to by the city attorney, and not by the mayor or other chief officers. Although it is true that the service of a writ of summons must be had on the chief officer of the corporation, yet this results from the express statutory provision, and it by no means follows, that he is the proper person to make an affidavit of the character now being considered. But on the con-

trary, the city attorney, who may well be supposed to be conversant with all the litigated cases to which the city is a party, would most naturally be regarded as the fittest person to make the requisite affidavit. As a corporation can only act through its agents, and as the statute does not otherwise provide, no reason is perceived why at least the same validity should not attend the act of the city attorney, as that of the mayor, in this regard. It will be found, on examination, of the cases cited by respondent on this point, that they either do not sustain views contrary to those above expressed, or that the reasons therefor are based on some local law. But it is insisted that "the defendant must allege in his application, and show to the satisfaction of the court, that such cause arose, or that he came to the knowledge of such cause since, etc.

If this section is to receive a literal construction, it amounts to a total prohibition of the right to have a change of venue awarded in any case whatsoever, and leaves the applicant dependent on the caprice of the judge. For it would be simply impossible, in a case like the present, to prove a negative—to establish by witnesses, however numerous or credible, that they knew that the applicant did not know of a given fact at or before a certain time. Such a construction would be at variance with, and repugnant to, the evident object and intent of the statute, and make changes of venue matters of favor, instead of matters of right.

The application, when it complies with the provisions of the statute, both as to its recitals and verification, must be regarded as sufficient. When this is done, a *prima facie* basis at least, is laid, whereon to ground the order for the change applied for. And it is not thought that the statute under consideration, intended that the court should be "satisfied" but in the manner above indicated.

For these reasons the judgment is reversed, and the cause remanded; all the judges concur.