Mix, *Plaintiff in Error,* v. Kepner.

1. **Venue, Change of:** SUFFICIENCY OF APPLICATION.   An application
for a change of venue verified by the affidavit of the applicant, is
sufficient to form a *prima facie* basis for the granting of the order
for the change, and the applicant is not called upon to establish by
evidence *aliunde* the facts sworn to in the affidavit.

2. **Replevin:** VALUE: DAMAGES.   In replevin there is a distinction
between the value of the property to be found, and the amount of
damages to be assessed, and they must be found separately.   The
value of the property at the time of the assessment is the value to
be found by the jury, and any depreciation occasioned by the tak-
ing and detention, should be considered in estimating the damages;
but in such case counsel's fees are not recoverable by way of dam-
ages.

| 81 | 93 |
| 46a | 213 |

| 81 | 93 |
| 48a | 252 |

| 81 | 93 |
| 113 | 469 |

| 81 | 93 |
| | 472 |

| 81 | 93 |
| 66a | 686 |
| 67a | 88 |

| 81 | 93 |
| 140 | 318 |

| 81 | 93 |
| 76a | 266 |

| 81 | 93 |
| 96a | 221 |

*Error to Henry Circuit Court.*—HON. F. P. WRIGHT, Judge.

REVERSED.

*M. A. Fyke* for plaintiff in error.

The court erred in refusing to grant a change of venue upon plaintiff's application. It was filed on the first day of the first term at which the cause could be tried, and was refused upon the sole ground that the court was of opinion that it did not make out a *prima facie* case. The affidavit was sufficient and made out a *prima facie* case. *Corpenny v. Sedalia,* 57 Mo. 88; *Freleigh v. State,* 8 Mo. 606. The court erred in rendering judgment against plaintiff for attorney's fees. The measure of damages is the value of the property, with six per cent from the time the same was delivered to plaintiff under the writ. *Hutchens v. Buckner,* 3 Mo. App. 594.

*B. G. Boone* and *F. P. Wright* for defendant in error.

A party applying for a change of venue must strictly comply with the requirements of the statute. *Gordon v. Dille,* 17 Mo. 64. And the statute should be strictly construed. The statute (§ 3732) was not complied with. The application should have been supported by the affidavits of disinterested parties. 2 Tucker's Com., 309. The court properly allowed a reasonable attorney's fee in the assessment of damages. The statute allows such damages "as may be just and proper." R. S., § 2932. It has long been the settled law in this State that a change of venue cannot be awarded after the issues in a case have been tried and a verdict found. *Ex parte Cox,* 10 Mo. 460. In this case there had been a jury trial and verdict for defendant before any change of venue was applied for.

EWING, C.—This was a proceeding before a justice of the peace to recover possession of four hogs of the alleged

value of $30.    There was a judgment for defendant for two hogs and costs. Plaintiff appealed to the circuit court, where he filed a petition for change of venue which was overruled by the court. Plaintiff then declined to further proceed with the case, and the defendant waived a jury, submitted the case to the court upon defendant's evidence, and the court found for the defendant, and entered up judgment as follows : "The court doth find, that the said plaintiff is not the owner of the said hogs or either of them, but that defendant is the owner of the same, and is entitled to a return of the same, the plaintiff being in possession. And that the value of said hogs is $20, and the damages for taking and detaining the same, including a reasonable attorney's fee employed by defendant, to the sum of $20."

On the first day of the term, the plaintiff filed his application for change of venue, verified by his affidavit as follows :

Now comes the above-named plaintiff and moves the court to grant him a change of venue of the above-entitled cause, because he believes the said defendant has an undue influence over the minds of the inhabitants of Henry county, and that the inhabitants of said Henry county are so prejudiced against plaintiff that he cannot have a fair trial in said Henry county, and that the knowledge of such prejudice has come to affiant since the last term of this court.

Wherefore, he asks a change of venue to some other county, where like cause does not exist.

J. W. MIX,
By M. A. Fyke, Attorney.

J. W. Mix, being duly sworn, on his oath, says that the facts stated in the above application for change of venue are true, as he verily believes, and that, for the reasons above stated, he believes he cannot have a fair and impartial trial of this cause in Henry county.

J. W. MIX.

This application was overruled upon the ground "that

the affidavit did not make a *prima facie* case, and did not satisfy the court of the facts therein stated, and the court refused to grant a change of venue for that reason alone." Thereupon the plaintiff appealed to this court.

I. In *Corpenny v. City of Sedalia*, 57 Mo. 88, it is said, "the application, when it complies with the provisions of the statute, both as to its recitals and verifications, must be regarded as sufficient. When this is done, a *prima facie* basis at least is laid, whereon to ground the order for the change applied for. And it is not thought the statute under consideration, intended that the court should be 'satisfied,' but in the manner above indicated." In the case at bar, the application and verification, substantially, if not literally, complied with the requirements of the statute, and by authority of *Corpenny v. Sedalia, supra,* we hold the application was sufficient, and the change of venue should have been awarded.

II. The next question for consideration is, as to the measure of damages to be determined in this case, where the property was found to be in possession of plaintiff, but the title in the defendant, as well as the right of possession. It must be borne in mind that there is a distinction between the value of the property to be found, and the amount of damages to be assessed. *Chapman v. Kerr,* 80 Mo. 158; *Pope v. Jenkins,* 30 Mo. 528. The value of the property and the damages for detention, etc., must be found separately. Wells on Replevin, section 610. The value of the property at the time of the assessment, is the value to be found by the jury. *Chapman v. Kerr, supra.* In fixing the damages, if the property has been depreciated in the hands of the plaintiff, in consequence of the replevy, or by the acts or negligence of the plaintiff, after the replevy, the jury should consider such depreciation in their estimate of damage, occasioned by the taking and detention. *Chapman v. Kerr, supra;* 2 Sedgwick on Damages, 428; Wells on Replevin, section 535.

III. Plaintiff in error insists that the court below

erred in estimating as damages, an attorney's fee. The better opinion seems to be, that in cases like the one at bar, counsel fees are not recoverable by way of damages. Wells on Replevin, sections 576 and 577; 1 Sedgwick on Damages, top pp. 173 to 185.

The judgment of the circuit court is reversed, and the cause remanded. All concur.