IN THE

# ST. LOUIS AND KANSAS CITY

## COURTS OF APPEALS.

21   1
46  213

## OCTOBER TERM, 1885.

BESSIE M. COTTRELL ET AL., Plaintiffs in Error, v. HENRY M. RUSSELL ET AL., Defendants in Error.

*Kansas City Court of Appeals, February 15, 1886.*

DAMAGES — TRESPASS — LIMITED TO COMPENSATION, UNLESS AGGRAVATED.—In an action of trespass to personal property, the damages are limited to compensation; in the absence of aggravations for which punitory damages are allowable, no allowance can be made for the expenses of the litigation to procure redress for the injury by trespass, beyond the taxable costs. They are regarded as full compensation. 3 Sutherland Damages, 469; *Mix v. Kepner*, 81 Mo. 96.

ERROR to Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

Statement of case by the court.

The defendant, Russell, under various writs of attachment issued at the instance of his co-defendants, in suits against the present plaintiff, David H. Cottrell,

and one Rand, as sheriff, levied on and seized certain property, which was the separate property of this plaintiff, Bessie M. Cottrell, the wife of David H. Cottrell. Bessie M. Cottrell made no claim, to Russell, to the property until after the levy.   The property was, at the time of the levy, located in a hotel, known as the Jacob's hotel, and was used by David H. Cottrell and J. M. Jacobs in conducting said hotel.   After the levy the plaintiff, Bessie M. Cottrell, claimed the property as her separate property, but Russell refused to release it to her.   She interpleaded for the property in the attachment suits.   In the interpleas she prevailed, and the property was found and adjudged to be her property and her separate estate.

This is an action to recover damages for the "unlawful taking and carry away" of plaintiff's, Bessie M. Cottrell's, property by defendants.   No aggravation or malice is alleged in the petition in connection with the trespass.   Nevertheless, it is sought in the petition to recover "the sum of one hundred and fifty dollars, fees paid to attorneys at law, necessarily employed to recover said property" in the attachment suits; and also the sum of one hundred dollars necessarily expended by the female plaintiff "in traveling to and returning from, and while in attendance upon courts" on account of said suits.

The plaintiffs offered to prove that the female plaintiff had expended the above named sums "for attorney's fees, and in traveling to and returning from place of trial, and in attending upon the trial of her said interplea, by which she recovered possession of the property mentioned in her petition," but the court refused to permit plaintiffs to make such proof. The plaintiffs thereupon took a non-suit, with leave to move to set the same aside.   The court having denied the motion filed by plaintiffs to set the non-suit aside, they have brought the case here upon a writ of error.

SAMUEL P. SPARKS, for plaintiffs in error.

I.   When the injury complained of is in the improper commencement or prosecution of a suit, counsel fees in such a case is a loss as immediate and direct as any other and should be allowed. Sedwg. Damages, 95–97; *Gregory v. Chambers*, 78 Mo. 294; *Westfield v. Mayo*, 122 Mass. 100; 10 Ohio St. 277; 11 Ohio St. 457.

II.   The recovery by plaintiff on her interplea in the attachment case against her husband is no bar to an action against the officer and his abettors for the wrongful seizure. *Clark v. Brott*, 71 Mo. 473; *Burgert v. Bochert*, 59 Mo. 85.

III.   Counsel fees are allowed as part of damages upon dissolution of an injunction. *Buford v. Keokuk, N. & P. Ry. Co.*, 3 Mo. App. 159. There can be no recovery on the attachment bond for *this plaintiff*, but only defendant there. Drake on Attachments, sect. 161.

C. W. FREEMAN, for defendants in error.

I.   Damages in trespass to personal property are limited to compensation in the absence of aggravations for which punitory damages are allowable. 3 Sutherland on Damages, 469.

II.   In the absence of malice, or other aggravations, attorney's fees are not included in the term "compensation." *Walser v. Thies*, 56 Mo. 93; *Gregory v. Chambers*, 78 Mo. 294. The measure of the damage is the same as in replevin. *Mix v. Kepner*, 81 Mo. 93; *Harris v. Eldred*, 42 Vt. 39; *McDaniels v. Crabtree*, 21 Ark. 431; *Barnard v. Poor*, 21 Pick. 378; *Lincoln v. Saratoga*, 23 Wend. (N. Y.) 425; *Welch v. Ry.*, 12 S. C. 290.

HALL, J.—The question in this case is, can the plaintiff, in a trespass suit, in the absence of all aggravation and malice in connection with the trespass, recover attorney's fees and other costs, not taxable by law, ex-

pended in the recovery of the property as to which the trespass was committed?

In an action of trespass to personal property, the damages are limited to compensation in the absence of aggravations for which punitory damages are allowable. 3 Sutherland on Damages, 496, *et seq.*; Sewdwick on Measure of Damages (7 Ed.) 181, *et seq.* "No allowance can be made' for the expenses of the litigation to procure redress for the injury by trespass beyond the taxable costs; they are regarded as full compensation." *Id.*

It is not deemed necessary to here review or cite the numerous adjudicated cases, cited by the above authors, by which the correctness of the doctrine, as laid down by them, is firmly settled. It has been approved by our supreme court in *Mix v. Kepner* (81 Mo. 96), where it was held that, in an action for the recovery of personal property, "counsel fees are not recoverable by way of damages."

We hold that the court properly excluded the offer of proof made by plaintiff.

The judgment is affirmed.    All concur.