BROWN *et al.* v. CAPE GIRARDEAU MACADAMIZED AND PLANK ROAD COMPANY, *Appellant.*

1. **Defective Highway** : INSTRUCTIONS. An instruction in an action for injuries resulting from a defective highway is erroneous which authorizes a recovery on the fact merely of the highway being out of repair, and does not require the jury to find that the defect occasioned the injury.

2. ———— : EXEMPLARY DAMAGES. In such action there can be no verdict for exemplary damages unless the act of the defendant which caused the injury was wanton or malicious.

3. **Evidence** : OPINION OF WITNESS. It was not error in such action to refuse to permit witnesses to give their opinion whether or not the road was in such condition as to afford a safe and convenient track for the passage of wagons and teams. The condition of the road was not a matter for expert opinion, but was one for the jury to determine from the proof.

*Appeal from Cape Girardeau Circuit Court.*—HON. J. D. FOSTER, Judge.

REVERSED.

*W. W. Cramer* for appellant.

(I) The court erred in refusing to permit plaintiff's witnesses, Cross and Ellis, on cross-examination, to express their opinion as to whether the gravel road at the place where the accident occurred, was covered artificially a sufficient width to afford a convenient and safe track for passage of wagons and teams. Sess. Acts 1851, p. 134, sec. 10 ; *Ibid*, 1853, p. 351 ; Angell on Highways [2 Ed.] sec. 259 ; Wood on Nuisances, 295 ; Shearman & Redf. on Negligence [3 Ed.] sec. 374 ; Wharton's Evidence, sec. 511 ; *Eyerman v. Sheehan*, 52 Mo. 221 ; *Greenwell v. Crow*, 73 Mo. 638. (2) Defendant should have been permitted to cross-examine the witness, Haffner, in re-

gard to plaintiff's declarations as to the cause of the accident. (3) Plaintiff cannot recover unless she was using ordinary care. *Craig v. City*, 63 Mo. 117; *Buesching v. Gas Light Co.*, 73 Mo. 219; Sedgwick on Damages, 160. (4) The defendant cannot be held liable unless it had notice of the defect and failed to repair the same within a reasonable time. *Market v. St. Louis*, 56 Mo. 189; *Russell v. Columbia*, 74 Mo. 490; *Bonine v. Richmond*, 75 Mo. 437. (5) The proper remedy for an unreasonable obstruction in a highway is by indictment, although any one sustaining special injury may bring a civil suit to recover damages. *Beaudeau v. City*, 71 Mo. 392. In a civil action for damages for an act which is also indictable, punitive or exemplary damages are also recoverable. *Fay v. Parker*, 16 Am. Rep. 270; *Koerner v. Oberly*, 26 Am. Rep. 34. (6) The damages should only have been compensatory. *Engle v. Jones*, 51 Mo. 316; *Perkins v. Ry.*, 55 Mo. 201; *Graham v. Ry.*, 66 Mo. 536; *Morgan v. Durfey*, 69 Mo. 469.

*Lewis Brown* for respondents.

(1) The question asked of some of the witnesses, if in their opinion two teams could safely pass each other where the accident occurred, was properly ruled out. It was not a matter of opinion. (2) The instructions for plaintiff are supported by the cases of *Whalen v. Ry.*, 60 Mo. 325; *Edmonson v. Fredenheit*, 36 Mo. 226.

NORTON, J.—This suit was instituted in the circuit court of Cape Girardeau county, to recover damages for injuries alleged to have been sustained by plaintiff, Mrs. Theodosia Brown, while driving in a buggy on defendant's road, and alleged to have been occasioned by the neglect of defendant to construct its road as required

by its charter, and in negligently leaving on its road, within the limits required by law to be kept open and free, an obstruction, at which the horse being driven by her shied, jumped to one side and overturned the buggy, inflicting upon her personal injury. On the trial plaintiffs obtained judgment for five hundred dollars, from which defendant has appealed, and assigns for error the action of the court in refusing to receive proper evidence, and in giving improper instructions.

The first instruction given for plaintiffs told the jury that the artificial road-bed of defendant must be so constructed and kept as to be hard, smooth and even surfaced, so as to afford and be convenient and safe for the passage of teams on the road, and that if they believed from the evidence that it was not so constructed and kept at the time of the alleged damage, their verdict must be for plaintiffs. This instruction is erroneous in this, that it predicates plaintiffs' right to recover on the single fact that the roadway was not so constructed as to be hard, smooth, and even surfaced, without requiring them to go further and find the additional fact that the injury complained of was occasioned by such improper construction. "To maintain an action for injuries caused by a defect in a highway, it must appear affirmatively, and the burden of proof is upon the plaintiff to show, that the road was a highway, that the defect actually existed, that defendant was in fault for not repairing, and that the plaintiff's injuries were caused by such defect." Shearman & Redfield on Negligence [3 Ed.] sec. 421.

The ninth instruction, which authorized the plaintiff to recover, and the jury to award punitive or exemplary damages, is erroneous, and was not warranted either by the facts in evidence or the rulings of this court in the cases of *Whalen v. Centenary Church*, 62 Mo. 326; *Engle v. Jones*, 51 Mo. 316; *Doss v. Railroad*, 59 Mo. 27.

The evidence tended to show that there was a gully or ditch on the side of the roadway running parallel with it; that over this gully a small bridge had been put by the adjacent property owner, that this bridge had been displaced by an unusual rainstorm, from one to three days before the accident, by reason of which one end of the bridge lay on the side or edge of the roadway, at which plaintiff's horse shied to one side and upset the buggy in which she was riding. There is nothing in the evidence to show that the failure of defendant to remove the obstruction thus occasioned was either wanton or malicious, one or the other of which elements must appear to justify awarding punitive damages.

As the judgment will be reversed and the cause remanded for the errors above noted, it is proper to say that no error was committed in refusing to allow two witnesses to give their opinion as to whether the roadway was in such condition as to afford a safe and convenient track for the passage of wagons and teams. This was not a matter for expert testimony, it was for the jury to determine from the facts proven, whether it was or not in such condition. The question propounded to Dr. Haffner on his cross-examination, as to a statement made by him to Charles Wilson, he should have been allowed to answer. It was clearly competent for the purpose of laying a foundation for impeaching him as a witness.

Judgment reversed and cause remanded. All concur.