F. H. KOLLOCK, Appellant, v. J. P. EMMERT & Co., Respondents.

Kansas City Court of Appeals, February 2, 1891.

1. **Sales :** CONDITIONAL SALE : MORTGAGE. In order to constitute a transaction a conditional sale, the vendor must be the owner of the property sold ; but where W. purchased stock paying by checks drawn on the bank of which K. was president, and to secure K. or his bank agreed the title to the stock should remain in K. until the money checked out of the bank was repaid, and the

stock was to be shipped in his name and the draft on the consignee therefor to be in his name, *held* the transaction was not a sale, but a mortgage, and not being acknowledged or recorded it would be void.

2. **Banks and Banking:** CHECKS: PROPERTY. Paying a customer's checks by a banker is not paying for the property the customer purchased. It is merely paying the customer's money on his order, and the fact that the customer had no money in the bank does not alter the matter.

3. **Law of Sister State:** PRESUMPTION AS TO. In the absence of proof the courts will assume the law of the state of Kansas to be the same as the law in this state.

4. **Action:** PLAINTIFF'S INTEREST. Where the plaintiff paid nothing originally, nor has paid anything since, and is not liable for money advanced and only figured in the money transaction as the president of the bank advising its payments on the checks of the customer, he has no interest in an action for the conversion of the property which the customer purchased with the money so drawn and cannot maintain such action.

*Appeal from the Jackson Circuit Court.*—HON. RICHARD H. FIELD, Judge.

AFFIRMED.

*Peak, Yeager & Ball,* for appellant.

(1) When the appellant paid the purchase money for the hogs, by agreement the title became vested in him; when he sold the hogs to Weidlein, by express agreement, the title remained in him until the purchase price was paid to him; and, inasmuch as the purchase price was never paid, the title remained in him and was in him at the time of the sale and conversion by respondents. The appellant is, therefore, entitled to recover the proceeds of the hogs now in the hands of the respondents. *Sumner v. McFarlan,* 15 Kan. 600; *Hallowell v. Milne,* 16 Kan. 65. (2) Plaintiff pays the owners their money, and by consent and agreement of the parties the title vests in him. By the undisputed evidence it was the intention of both Weidlein and the plaintiff that the title should so vest, and this intention must

govern. *Erwin v. Arthur*, 61 Mo. 386 ; *Ober v. Carson*, 62 Mo. 209.

*Gage, Ladd & Small*, for respondents.

( 1 ) The demurrer to the evidence was properly sustained. There was no evidence of a conditional sale by the original owners of the hogs to Kollock, or of any agreement by Weidlein to have such conditional sale made. *Sumner v. McFarlan*, 15 Kan. 600 ; *Hallowell v. Milne*, 16 Kan. 65 ; *Little v. Page*, 44 Mo. 412 ; *Sumner v. Cottey*, 71 Mo. 121. ( 2 ) The title to the hogs was vested in Weidlein before the transaction between Weidlein and Kollock. In such cases there is no conditional sale possible. See cases cited above. ( 3 ) There is no evidence of any sale or other transaction whatever between the owners of the hogs and Kollock. Kollock and Weidlein were the only parties to it. Weidlein's agreement would not make a conditional sale as such sales are described in the cases cited. ( 4 ) The agreement between Kollock and Weidlein was in substance, that Weidlein would transfer to Kollock the hogs he had already bought by shipping them in Kollock's name. It was in effect an agreement to mortgage them, for such transfer would have been in law a mortgage. He did not so transfer them, and the mortgage was never made, and Kollock never obtained the title and cannot maintain this suit for conversion. ( 5 ) Kollock has no equity in this case, the money having been furnished by the bank and not by him. If there is any cause of action for the surplus in the hands of Emmert & Co., it belongs to the bank and not to Kollock. ( 6 ) There being no evidence in the record regarding the requirements of the laws of Kansas as to chattel mortgages the presumption is that they are the same as under the laws of this state, and that no such mortgage is valid unless in writing and duly acknowledged and recorded, or unless possession be given. *Flato v. Mulhall*, 72 Mo. 522 ; *State ex rel. v. Bank*, 80 Mo. 631.

ELLISON, J.—This action is for the conversion of a carload of hogs. The circuit court sustained a demurrer to plaintiff's evidence, and he appeals.

The dispute between these parties is whether the transaction between plaintiff and defendants' vendor amounted to a conditional sale or a mortgage. If a mortgage it was void as to defendants, it not being recorded.

It may be stated generally that one Weidlein shipped a lot of hogs to defendants as his own and in his own name, and that plaintiff claimed to be the true owner of the hogs. Plaintiff's claim is either that Weidlein bought the hogs and sold them to him or that he bought the hogs for him, and that plaintiff then sold them to Weidlein with the understanding and agreement that they were to remain plaintiff's property until paid for, such sales being permitted by the laws of Kansas. But the evidence, taken as a whole, discloses that Weidlein borrowed money of either the bank or plaintiff, and that he attempted to give him security for such loan by agreeing to ship the hogs in his name so that the draft he drew on defendants would be paid to plaintiff. In order to be a conditional sale by plaintiff, he must have been the owner of the hogs and must have sold them to Weidlein. The evidence discloses but one view of this matter, and that is that Weidlein was the purchaser of the hogs from the farmers, and that he became the owner. Plaintiff never saw them. He did not know from whom they were bought, nor did he control, advise or know what price was being paid for them. Nor did he or the bank pay for them. The bank merely paid Weidlein's checks which were given for the hogs. Paying a customer's check is not paying for the property the customer purchases. It is merely paying the customer's money on his order. The fact that the customer may have no money in the bank does not alter the matter, the payment is made by the drawee of the check

The evidence clearly shows the object of plaintiff in the transaction. It was not to get rid of property he did not want; for his getting it and disposal of it, according to his own statement, was practically at one and the same time. It was not for a profit on the sale, for he was to get only the price he had paid out. I mention these matters merely to show that the idea of their being property in plaintiff which he sold to Weidlein is altogether unreasonable. The whole scheme, as is clearly disclosed by plaintiff, was that he or the bank merely loaned or advanced money to Weidlein with which to buy stock and upon which stock he was to secure the advancement. Plaintiff as president of the bank and the bank itself were neither engaged in buying, selling or shipping stock.

We shall, therefore, hold the transaction to have constituted a mortgage, and it not being acknowledged or recorded it would be void under the law in this state and in the absence of proof we will assume the law of Kansas to be the same. *Flato v. Mulhall*, 72 Mo. 522; *Hill v. Wilkes*, 41 Ga. 449; *Norris v. Harris*, 15 Cal. 226.

II. Having determined that this was a loan of money and not a sale of property, we hold that the testimony discloses that the plaintiff has no interest in this controversy. The money was advanced or loaned by the bank, and the draft was drawn to the bank. Indeed, the plaintiff here only figures in the money transaction as president of the bank, advising or directing the cashier to pay Weidlein's checks and to draw his draft. He says he paid nothing originally and has not paid anything since. He furthermore *refuses* to say that he is even liable to the bank for the money advanced. His whole evidence shows (in the most favorable way in which it can be construed) that he simply requested the bank to advance the money he is now seeking to recover as an individual.

The judgment is affirmed. All concur.