ALBERT WITASCHECK, Plaintiff in Error, v. WILLIAM GLASS, Defendant in Error.

Kansas City Court of Appeals, June 8, 1891.

1. **Malicious Attachment**: PLEADING : PROBABLE CAUSE : PRESUMP-
TION. Want of probable cause and malice lie at the foundation of the
action for malicious attachment and constitute its fundamental
elements and must both concur, and a petition that does not allege
the want of probable cause is fatally insufficient. In the absence
of such allegation the presumption is that the attachment plaintiff
had reasonable cause to bring his suit.

2. ————— : DAMAGES : EVIDENCE : THEORY OF TRIAL. The admission,
over objection, of evidence showing loss and value of time in
attending court, money paid for counsel fees, etc., shows that the
case was tried on the theory that the action was for malicious
attachment, as such damage could only be recovered, where
the suit was malicious and without probable cause.

3. **Trespass**: WRONGFUL ·LEVY OF ATTACHMENT : MEASURE OF DAM-
AGES. Where the attachment plaintiff under his writ wrongfully
levies on the property of a third person, the measure of damages
would be the interest on the value of the goods during the time
the owner was deprived of them, unless it appears that injury or
deterioration has resulted.

4. **Appellate Practice**: NEW THEORY ON APPEAL. A party must
stand or fall in the appellate court on the theory upon which he
tried his case in the court below.

5. **Definitions**: MALICE. Malice means that the wrongdoer not
only intended to do the act which is ascertained to be wrongful,
but that he knew it was wrongful when he did it.

6. **Attachment**: PROBABLE CAUSE : DAMAGES. If a creditor has
probable cause to believe himself wronged by his debtor's transfer
of his property, he has the right given by law to bring his suit to
have the matter judicially determined, subject only, if his claim
is adjudged false, to pay the costs of suit and such other damages
as are allowed by law when property has been wrongfully seized
and detained under the process of attachment.

7. **Judicial Notice**: LAW OF KANSAS : COMMON LAW : LAW OF MIS-
SOURI : DAMAGES IN ATTACHMENT. The statute of Kansas not being
in evidence, the court cannot take judicial notice of it, and, as the

court cannot indulge the presumption that the common law prevails there, it is concluded that the rule of law allowing damages in this case must be found in the laws of this state.

8.    **Attachment**: EVIDENCE : MALICE AND OPPRESSION.   A review of the evidence shows that the attachment case was commenced and prosecuted in the utmost good faith and with no circumstance of malice, oppression or wantonness in its conduct.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*R. O. Boggess*, for plaintiff in error.

(1)    The undisputed facts are, *first*, that the attachment was against Charles Witascheck, and was levied on the property of Albert Witascheck, and, *second*, that the suit was prosecuted for two months, and then decided in favor of plaintiff in this case.    These amount to a demonstration that the attachment was wrongfully levied, and the suit was maliciously, oppressively prosecuted.    This proposition, with the result of the suit, needs neither authority nor argument for its support. If the same is untrue in logic or reason, then no argument is wanted for its refutation.    (2)    If the analysis of the petition, contained in the statement, is fair, true and correct, then the court misconstrued the same and erred in giving the instruction quoted, in the nature of a demurrer to the evidence.    (3)    The theory of plaintiff's case was, and is, that defendant wrongfully caused the attachment to be levied on the plaintiff's property in a suit, wherein he was neither defendant, or alleged debtor, and that the same was, therefore, malicious. (4)    It was right and proper in this case to charge malice, wilfulness, wrong and oppression, in order to recover vindictive or exemplary damages ; without such charge in the petition such damages could not have been recovered.    So the whole case is resolved into the single proposition : "Did the defendant wrongfully

levy by attachment against Charles Witascheck on the
property of Albert Witascheck?" (5) If the last
proposition is right and proper then the theory of the
defendant and the instruction of the court were wrong,
and the nonsuit ought to be set aside. (6) The fol-
lowing authorities support the foregoing propositions,
and upon them the plaintiff in error confidently expects
a reversal of the judgment of the court below : *State ex
rel. v. Moore*, 19 Mo. 369; Freeman on Executions, sec.
254; 20 Cent. L. J. 27; Drake on Attachment, secs. 33,
196, *et seq.; Newman v. Railroad*, 2 Mo. App. 402 ;
*Buckley v. Knapp*, 48 Mo. 152–62 ; *Cottrell v. Russell*,
21 Mo. App. 1 ; *Stevins v. Dennis*, 23 Mo. App. 375 ;
*Walser v. Theis*, 56 Mo. 89.

*Gage, Ladd & Small*, for defendant in error.

(1) According to the petition, this is an action for
the malicious institution and prosecution of a civil suit
by attachment. The petition contained no allegation
of want of probable cause. This is indispensable.
*Moody v. Deutsch*, 85 Mo. 237 ; *Scovill v. Glasner*, 79
Mo. 449 ; *Stewart v. Sonneborn*, 98 U. S. 192. (2) In
the case of an unlawful seizure of personal property, the
measure of damages is the value of the property at
the time of the seizure, with interest thereon to the date
of the assessment. If after the seizure the property is
returned to the plaintiff his measure of damages is ( if
there has been no depreciation in the value ) interest on
the value from the time of seizure to the date of its
return. *State to use v. Bacon*, 24 Mo. App. 403 ; *Walker
v. Borland*, 21 Mo. 289 ; *State v. Smith*, 31 Mo. 566.
(3) There was no evidence of malice or circumstance
of oppression in the case. Therefore, the instruction
complained of was properly given. *Alexander v. Har-
rison*, 38 Mo. 265 ; *Stewart v. Sonneborn*, *supra*.
(4) The plaintiff cannot now claim that the evidence
showed that he was at least entitled to interest on the
value of the property for the period during which it

was detained from him, and that, therefore, the case should have been submitted to the jury. This was not the theory upon which he tried his case below, and he will not be permitted to submit it upon a new one here. *McKinney v. Guhman*, 38 Mo. App. 344; *Martinowski v. Hannibal*, 35 Mo. App. 70; *Wright v. Sanderson*, 20 Mo. App. 534; *Nance v. Metcalf*, 19 Mo. App. 183; *Oberbeck v. Sportsman's Ass'n*, 17 Mo. App. 310; *Burton v. Railroad*, 33 Minn. 193.

SMITH, P. J.—The petition alleged that, "the defendant maliciously, wrongfully and oppressively instituted a suit against Charles Witascheck  *  *  * by attachment and sued out a writ of attachment therein, maliciously and wrongfully, and by means of said writ of attachment, maliciously, wrongfully and oppressively caused and procured" the goods of plaintiff to be taken out of and withheld from his possession for about sixty days, by reason whereof the same greatly depreciated in value; and that he necessarily incurred heavy expense, and paid out large sums of money in and about defending said suit, and regaining the possession of his property, etc. There was a trial, and, at the conclusion of the evidence adduced by plaintiff, the court gave an instruction which declared that upon the pleadings and evidence the plaintiff was not entitled to recover. There was a judgment of nonsuit and an appeal by plaintiff.

I.  The principal question which we are required to consider is, whether the petition states facts sufficient to constitute a cause of action. Want of probable cause and malice lie at the foundation of the action for malicious attachment, and constitute its fundamental elements. Malice, either express or implied, and the want of probable cause must both concur. The petition does not allege one of these constitutive elements, that of want of probable cause. This is a defect which is fatal to its sufficiency. *Moody v. Deutsch*, 85 Mo. 237; *Walser v. Theis*, 56 Mo. 89; *Scovill v. Glasner*, 79

Mo. 449; *Stewart v. Sonneborn*, 98 Mo. 192; Drake on Attachment, sec. 732.

The bill of exceptions recites that the defendant objected to the introduction by the plaintiff of testimony tending to show the time spent by him in attending the various suits, the value of that time, the amount of money paid out for counsel fees, and for rent of store, etc., upon the ground that such items constitute no element of damage in the case, and that the court admitted the same under the charge in the petition that the prosecution of the Kansas suit was malicious. This very manifestly shows that the case was tried upon the theory that the cause of action stated in the petition was that of malicious attachment. And this conclusion finds further support in the fact that evidence adduced to prove the kind of damages alleged in the petition would not have been admissible upon any other view of the petition. Such damages could only be recovered in a case when the suit was malicious and without probable cause. *Walser v. Theis, supra;* *Gregory v. Chambers*, 78 Mo. 294; *Mix v. Kepner*, 81 Mo. 96; *Cottrell v. Russell*, 21 Mo. App. 1; Sutherland on Damages, 496; Sedgwick on Meas. Dam. [7 Ed.] 186.

The very learned and able counsel for the plaintiff, in his brief, contends that the whole case is resolved into a single proposition : "Did the defendant wrongfully levy by attachment against the property of Charles Witascheck, on the property of the plaintiff?" As we have already stated, the case was tried upon an entirely different theory. The measure of the plaintiff's damages upon this theory would have been confined to the interest on the value of the goods during the time he was deprived of the use of them, unless it had appeared that injury or deterioration had resulted. *Reno v. Kingsbury*, 39 Mo. App. 240; *State v. Smith*, 31 Mo. 566; *Walker v. Boland*, 21 Mo. 289; *Watson v. Hannon*, 85 Mo. 447; Suth. on Dam., pp. 538–546.

The plaintiff introduced no evidence to support any such theory of his petition as this. The assumption upon which the plaintiff tried his case in the court below is, as we think, different from that which he has urged here. He must stand or fall in this court upon the theory upon which he tried his case in the court below. *Martinowsky v. Hannibal*, 35 Mo. App. 70; *Fell v. Mining Co.*, 23 Mo. App. 216; *Holmes v. Braidwood*, 82 Mo. 610; *Whetstone v. Shaw*, 70 Mo. 575; *Walker v. Owen*, 79 Mo. 563.

Though the petition does not allege that the invasion of the plaintiff's rights of property was without probable cause, yet, if it be conceded that enough is alleged to show that the elements of malice and oppression mingled in the wrongful act, is there any evidence in the record which entitled the plaintiff to go to the jury on that theory? Under the allegations of the petition, we must assume that the defendant had reasonable cause to bring his suit by attachment, and to cause the writ to be levied upon the property claimed by plaintiff. Malice may be inferred from want of probable cause, but it is neither alleged nor established by evidence. There is not the slightest evidence adduced to show that the ingredient of wantonness or bad motive entered into the act of alleged trespass. These ingredients, in actions of this nature, in order to justify exemplary damages, must characterize the trespass. There need not be any personal ill-will, or spite, towards the injured party, for wantonness or reckless, lawless spirit may be displayed against the property of a stranger. Malice means that the wrongdoer not only intended to do the act which is ascertained to be wrongful, but that he knew it was wrongful when he did it. *Trauerman v. Lippincott*, 39 Mo. App. 481; *Goetz v. Ambs*, 27 Mo. 28; *Eagle v. Jones*, 51 Mo. 316; *Franz v. Hilderbrand*, 45 Mo. 721; *Seibel v. Simeon*, 72 Mo 526; *Bruce v. Ulery*, 79 Mo. 322; *Brown v. Railroad* 89 Mo. 152.

In this case it. is not disputed, that the plaintiff had a just claim against Charles Witascheck. The defendant, supposing himself wronged by the action of Charles Witascheck in transferring the property to his brother Albert, had the right to bring his suit by attachment to test the legality of the transfer. The law gives this right, and protects it in an action brought for malicious prosecution. If the defendant has brought himself within the category of right to sue, given by law, then it is clear that he can avail himself of the indulgence allowed by law of showing probable cause for the suit, but, as we have already indicated, the theory of the plaintiff's case is that the defendant had probable cause to believe that the transfer of the property was fraudulent and void, and hence he had the right by law to bring his suit to have that matter judicially determined, subject only, if his claim was adjudged false, to pay the costs of suit and only such other damages as are allowed by law when property has been wrongfully seized and detained under the process of attachment.

If this were not so it would deter men from approaching the courts of justice for relief. The right to complain of, or sue, another, is given by the law whenever there is probable cause to believe there is ground for the action. *Stewart v. Sonneborn*, 98 U. S. *supra*.

Since the statute of the state of Kansas is not in evidence before us, and as we cannot take judicial notice of it, and as the state of Kansas is not one of those states in which we are authorized to indulge the presumption that the common law prevails, we, hence, conclude that the rule of law allowing damages in such case, must be found in the law of this state. *Flato v. Mulhall*, 72 Mo. 532 ; *Goldsall v. Bark*, 80 Mo. 631 ; *Kollock v. Emmert*, 43 Mo. App. 566.

If it be not denied, as is the case here, that the levy of the attachment was with probable cause, but

contended that it was malicious and oppressive, we are unable to discover from any evidence in the case that this contention can be sustained. There seems to have been nothing in the case to justify it. The suit was commenced and prosecuted, as far as we can discover, in the utmost good faith. No circumstance of malice, oppression or wantonness in the conduct of the attachment case has been called to our attention. There are some other questions discussed in the briefs of counsel, which, in view of the case which we have taken, it becomes unnecessary to notice. It results from these observations that the action of the circuit court in instructing the jury that the plaintiff was not entitled to recover, was not error, and that the judgment must be affirmed. All concur.