JAMES A. GIBSON, Curator of Estate of WILLIAM T. JONES, v. SAMUEL S. SHULL, Appellant.

Division One, June 28, 1913.

1. **SETTING ASIDE DEED: Mental Incapacity: Questions of Fact: Deference to Chancellor.** The Supreme Court is not bound by the findings of the chancellor to the effect that the grantor of a deed was, because of his long and continuous use of ardent spirits, mentally incapacitated to make a deed; but where the testimony is oral, the chancellor who faces the witnesses is in a better position than is the Supreme Court to judge their credibility, and where their testimony is amply sufficient to justify the finding that the grantor was not mentally capable of making the deed, the court, following its usual custom, will accept such finding, unless there be some other good reason for disturbing it.

2. ————: **Necessary Plaintiff: Curator: Grantor of Unsound Mind: No Demurrer: Waiver.** Title to the land of an unsound person is in him and not in his curator; and a suit to set aside a deed made by a grantor who has been adjudged a person of unsound mind by the probate court, on the ground that he was mentally incapacitated to make such deed, should be brought in his name, and not in the name of his curator; but where the petition shows on its face that the action is brought in the name of the curator personally, the defect of parties should be raised by demurrer, and if not so raised it is considered waived. It cannot be raised by an answer which is a general denial.

3. ————: **Appointment of Curator: Record Not Preserved.** Where the record of the probate court appointing the plaintiff curator of the estate of the person of unsound mind whose deed to land the suit seeks to have set aside, was admitted

in evidence, the legality of the curator's appointment will be assumed and the rightful action of the trial court will be presumed, if appellant omits from his abstract the record of the probate court which resulted in the curator's appointment.

4. ————: ————: **Appointment After Execution of Deed.** In a suit to set aside a deed on the ground that the grantor was of unsound mind, the record of the probate court is competent for the purpose of showing the due and legal appointment as curator of. the person who brings the suit on behalf of such mentally incapacitated person, notwithstanding the appointment was made a few days after the date of the alleged deed.

5. ————: **Cause of Action: Sufficiency of Petition: In Statu Quo: Taking Advantage of Incapacity.** A petition that states the grantor in a deed was of unsound mind at the time it was executed, that the deed was given without consideration and that it constitutes a cloud upon said grantor's title, states a cause of action for annulling the deed. The allegation that the deed was without consideration and constitutes a cloud on the grantor's title, states a cause of action for setting aside the deed, whether the grantor was of sound or unsound mind. Nor does the petition fail to state a cause of action because it nowhere states the plaintiff's ability or willingness to place the defendant *in statu quo* or that defendant knew the grantor was insane and took advantage of him.

6. ————: ————: **Judgment: No Prayer to Restore Status Quo: Prayer for General Relief.** Where a court of equity, by a bill which states a cause of action for setting aside a deed, acquires jurisdiction, it will not release it until full equity has been done, if the petition contains a prayer for general relief. In such case the court will hear the evidence and grant the relief to which plaintiff is entitled. So where the petition stated a cause of action for setting aside a deed, although it contained no allegation of a willingness or ability to restore the *status quo*, a judgment holding the grantor of unsound mind and requiring him to reimburse the grantee to the extent of the money he paid for the deed, with interest, was proper, and will be upheld, where authorized by the evidence.

7. ————: **Grantor Non Compos Mentis.** The deed of a grantor of unsound mind at the time it was made, may be avoided, though he had not at that time been adjudged of unsound mind.

8. ————: **Agent: Fiduciary Relation: Burden.** Where an agent buys land from his principal a confidential relation exists, which places upon the agent the burden of showing the transaction was equitable and fair.

251 Mo.—31

Appeal from Buchanan Circuit Court.—*Hon. Lucien J. Eastin,* Judge.

AFFIRMED.

*Warren Rogers* for appellant.

(1) The petition filed in this case is wholly bad. The curator seeks to sue in his own name as such. That he cannot do. Reed v. Wilson, 13 Mo. 28; Koenig v. Union Depot Co., 194 Mo. 572; Webb v. Hayes, 166 Mo. 50. (2) There was no appointment, in law, of a curator of Jones. "A probate court shall have no jurisdiction to inquire into the sanity of a person who owns no property." R. S. 1909, sec. 474. No part of the record of the probate court shows that that court found Jones was owner of any property or that any such showing was made to the probate court. The petition, if any was filed, on which a hearing was based, is not shown by any record in evidence. There was no legal appointment. (3) The probate record shows that Jones was not in that court at the inquest. That record, also, fails to show that he was "notified of the proceeding" in that court against him looking to the ascertainment of his condition, giving him time to defend himself, or in any way setting a day for him to appear in said matter in said court. This failure may have been attempted to be excused by the recital in the record that: "The said William T. Jones, being unable to appear in open court," etc. The recital aforesaid follows the language of the statute (Sec. 476, R. S. 1909), but that clause of the statute is unconstitutional. Hunt v. Searcy, 167 Mo. 158. (4) The petition fails to state facts sufficient to constitute a cause of action in that it nowhere appears from the petition that there is an ability and willingness on the part of plaintiff to place the defendant *in statu quo,* or that the defendant knew that the ward was insane at the

time of the transaction in question and took advantage of him. Jamison v. Culligan, 151 Mo. 410; Wells v. Mutual Assn., 126 Mo. 630; Banking Co. v. Loomis, 140 Mo. App. 73; Rhoads v. Fuller, 139 Mo. 179. (5) It was error for the court to permit the introduction of the probate court proceedings held several days after the land had been deeded to appellant, for the purpose of showing or bearing on the condition of Jones's mind at the time of such sale or any other time. Rhoads v. Fuller, 139 Mo. 179.

*E. M. Swartz* and *Mytton & Parkinson* for respondent.

(1) Technically, the title of the cause should have been Jones, by his curator, plaintiff, but the error appeared on the face of the petition and the defect was waived when appellant answered. He could only have raised this question by demurrer. Baxter v. Transit Co., 198 Mo. 1; Taylor v. Pullen, 152 Mo. 434; Jones v. Steele, 36 Mo. 324. (2) The probate records were introduced but appellant failed to incorporate them in the bill of exceptions. (3) The petition does state a cause of action, that the deed was without consideration. That Jones was of unsound mind, and incapable of managing his affairs is assumed, in the absence of demurrer, that defendant knew his condition, and after verdict it is implied, and when he failed to demur, he waived the insufficiency of the allegation. Lycett v. Wolff, 45 Mo. App. 489. Furthermore, the evidence disclosed that appellant did not deal fairly; sufficiently so to draw the inference that appellant was bound to know that he was dealing with an imbecile. Besides, the deed was without consideration and so found by the court. The judgment simply recites that Shull paid to Jones $216.50, but not on the conveyance, and requires that said Shull be reimbursed his outlay. Shull had taken two deeds from Jones to the

same land and had advanced him money from time to time. The respondent is bound by the judgment to repay the $216.50, although the pleadings do not tender it back nor demand reimbursement; but appellant cannot complain because it places him *in statu quo*. The judgment sustains the allegations in the petition. The respondent admits that under the authorities of this State a deed from a *non compos*, not under guardianship, is voidable only, especially where a good and fair price is paid. 22 Cyc. 1171; Lock v. Brecht, 166 Mo. 242; Rhodes v. Fuller, 139 Mo. 179; Younger v. Skinner, 14 N. J. Eq. 389. Surely the appellant cannot claim to come within the above rule in this case. The transaction shows that no man of ordinary prudence would have engaged in it. It was, therefore, of no validity, and it was unnecessary to tender back what had been received. Halley v. Troester, 72 Mo. 73.

GRAVES, J.—Plaintiff is the duly qualified curator of William T. Jones, who was declared to be of unsound mind by the probate court of Buchanan county in July, 1909. Plaintiff, as curator, sues to have set aside a certain deed made by Jones to Shull for an undivided three-fourths interest in forty acres of land in Buchanan county on the ground, as stated in the petition:

"That at the time of said conveyance the said William T. Jones was of unsound mind and incapable of contracting and incapable of managing his affairs; that there was no consideration for said deed; that Samuel S. Shull has placed said deed of record in book 385 at page 194 in the Recorder's office of Buchanan county, Missouri, and the same now constitutes a cloud upon the title of curator's said ward."

The answer was a general denial.

There was proof *pro* and *con* on the mental condition of Jones at the date of the deed, as well as of

circumstances tending to show that defendant took advantage of Jones's mental condition, a condition superinduced by long and continuous use of ardent spirits. It will suffice to say that the proof upon the question of mental condition is such that we will not dispute the judgment of the chancellor *nisi,* who faced the witnesses, and was in a better position than are we to judge the credit to be given to them. The evidence will amply justify the finding that Jones was not mentally capable of making a deed, when this deed was executed, and whilst we are not bound by the finding below this court does not usually disturb such findings unless we can point to some good reason therefor. Under the facts we do not feel like this finding and judgment should be disturbed, unless some of the more technical reasons assigned by defendant are found to be of substantial force.

**Reference to Chancellor.**

This shortly states the case, leaving for the opinion a recital of such pertinent facts as may be required for the disposition of the points suggested supra. These points we take in their order.

I. Respondent seriously contends that we should affirm this judgment because the defendant has not presented to us all the testimony in the case, but has presented only garbled excerpts thereof. In equity cases our rule requires a full presentation of the evidence to this court for the very good reason that in such case the trial here is to the effect of a trial *de novo.* In other words, whilst we look upon the finding in the lower court as persuasive, we do not allow it to be binding, unless our minds run with the chancellor below on the facts, or unless the facts are conflicting and close and we yield to his judgment because of his better position to judge of the credibility of the respective witnesses. In this case we yield to the

**Equity: Omission of Testimony.**

judgment of the chancellor trying it below upon the facts *pro* and *con* on the question of mental condition at the date this alleged deed was made. Upon this question the court found:

"The court finds and decrees that the said William T. Jones was of unsound mind, incapable of contracting and incapacitated from managing his affairs at the time of the execution of the purported conveyance dated June 10, 1909, whereby he purported to convey to Samuel S. Shull, the defendant, the undivided three-fourths interest of land of the northeast quarter of the northwest quarter of section twelve, township fifty-six, range thirty-six, Buchanan county, Missouri, which said conveyance is of record in the Recorder's office of Buchanan county, Missouri, in Book 385 at page 194."

We are not prepared to say, however, that the evidence is not sufficiently abstracted for us to place ourselves in the position of the chancellor, *nisi*, if we deemed it necessary to review the facts in full, and declare a different conclusion from those facts. Such being the status of the abstract we overrule this contention of the respondent, and will take up the objections of the defendant to this finding and judgment.

II. First we are met with the proposition that the suit is in the name of the curator personally, and for that reason the judgment cannot stand. **Defect of Parties.** The style of the case is indicated by the caption at the beginning of the opinion. In the petition we find this statement:

"Now at this day comes James A. Gibson, curator of the estate of William T. Jones, of unsound mind, and states that heretofore, to-wit on the —— day of July, 1909, his ward, said William T. Jones, was duly and legally declared to be of unsound mind and incapable of managing his affairs, by the probate court of Buchanan county, Missouri; that thereupon

the petitioner James A. Gibson, was, by the probate court of said county, duly and legally appointed curator of the estate of said William T. Jones, and the said James A. Gibson thereupon, on said —— day of July, 1909, did then and there duly qualify as such curator and enter upon the discharge of his duties as such, and now is duly acting in that capacity.''

Defendant in the brief says that the petition is wholly bad, because the curator sues in his own name, rather than in the name of his ward. It is true that the title to property is in the ward and not in the curator. It is also true that the action should be in the name of the ward, rather than that of the curator. [Webb v. Hayden, 166 Mo. l. c. 50, and cases cited; Judson v. Walker, 155 Mo. 166, and cases cited.]

In this case, however, there is another matter of moment. If there was a defect in the petition in this regard it was one which was patent upon the face thereof, and such question is waived unless there is a special plea thereto. [Baxter v. Transit Co., 198 Mo. l. c. 8.] A general denial for an answer, as in the case here, does not preserve the point. In the Baxter case, supra, this court in commenting upon the position of Mr. Pomeroy on the code practice (Pomeroy Code Rem., 4 Ed.), and after stating the position of that author, thus speaks of and quotes from the author:

''The learned law-writer, although he regards the Code as in itself a complete system depending for nothing upon the common law, yet . . . recognizes fully . . . the essential difference between matters that may be pleaded to abate the suit, and matters pleaded to defeat the cause of action, the only difference between the Code and the common law in respect to them being the manner and the order in which they are pleaded and the issues tried. And on pages 813-14, he says:  'The non-joinder of necessary parties cannot be proven under the general denial . . . The

defense that the plaintiff is not the real party in interest is new matter; . . . and in an action by an executor or administrator, the general denial does not put in issue the plaintiff's title to sue.' ''

So we say in this case, the general denial in the answer did not place in issue the plaintiff's title to sue. It could have and should have been raised by demurrer, and not being so raised was waived. It is also true that a next friend has no title to the property involved in the suit. In Taylor v. Pullen, 152 Mo. l. c. 439, GANTT, P. J., says:

"In Rogers v. Marsh, 73 Mo. l. c. 70, it was ruled that this objection was in the nature of an affirmative defense and not available under a mere general denial. In Clowers v. Railroad, 21 Mo. App. l. c. 216, Judge ROMBAUER commenting on this last mentioned case, said: 'It was held that this objection is one for defect of parties plaintiff, and is waived under the statute, unless saved by special demurrer, or by answer. This last decision is not only in conformity with the more liberal views marking recent decisions, which disregarded purely technical objections in arriving at the true merits of a controversy, but is furthermore the last controlling decision of our Supreme Court.''

We are therefore constrained to hold that the defendant, by answering the petition and not specially pleading this defect in the petition, has waived the point.

III. The record of the probate court of Buchanan county showing the appointment of Gibson as curator of Jones appears to have been introduced in evidence, but the appellant failed to incorporate it **Appointment of Curator.** in the bill of exceptions. Appellant now raises the question that there was no legal appointment. This is a barren contention for two reasons: (1) because the appellant has waived the

question as held in our paragraph two; and (2) because he has seen fit to bring a record here which shows that these records were introduced in evidence, but does not bring the records themselves. Under such circumstances the rightful action of the court *nisi* will be presumed.

IV. Notwithstanding the fact that the defendant has failed to abstract the probate court records, he further insists that the trial court erred

Evidence: Record of Probate Court.

in permitting them to be introduced. This point is covered by the preceding paragraph and we will not go further. The record was at least competent to show the due and legal appointment of Gibson as curator, and this is true notwithstanding the fact that the appointment was made a few days after the date of the alleged deed

V. It is next urged that the petition fails to state a cause of action for reasons other than

Cancelling Deed: Cause of Action.

the fact that the suit is brought in the name of Gibson, curator, rather than in the name of Jones. This point is thus made by appellant:

"The petition fails to state facts sufficient to constitute a cause of action in that it nowhere appears from the petition that there is an ability and willingness on the part of plaintiff to place the defendant *in statu quo,* or that the defendant knew that the ward was insane at the time of the transaction in question and took advantage of him, hence defendant's objection on that ground to the introduction of any evidence in the case should have been sustained."

It occurs to us that the defendant is confounding the pleadings with the proof in making this challenge as against the petition. The petition does state a cause of action in equity. It states that Jones was of unsound mind and that the deed was given without con-

sideration, and is a cloud upon Jones's title. That the petition states a cause of action in equity cannot be questioned. Courts of equity may set aside deeds for want of consideration, when such instrument creates a cloud upon the title. This is true whether the grantor be of sound or unsound mind. It therefore appears that the petition is not defective in so far as stating a cause of action is concerned. The real question is as to whether the judgment can be sustained under the petition. This question we take next.

VI. We have heretofore set out a portion of the judgment, in which it was found that Jones was mentally incompetent to make a deed at the time the deed in question was made. In addition the judgment further found and decreed:

Cancellation of Deed: Judgment: Reimbursement.

"The court finds that said purported conveyance of record as aforesaid is a cloud upon the title of the said William T. Jones and the same is by the court declared invalid and for naught held and is so adjudged, cancelled and removed, so as to be wholly ineffective and constitute no cloud whatever on said title.

"The court further finds that upon the execution of said purported conveyance by the said William T. Jones the said Samuel S. Shull defendant, paid to the said William T. Jones on the —— day of June, 1909, the sum of $216.50, and it is further ordered and decreed by the court that the said plaintiff shall reimburse the said Samuel S. Shull the said sum of $216.50, with interest at the rate of six per cent per annum thereon from and after the 16th day of June, 1909, by the payment of said sum and interest to the clerk of this court to the use of the said Samuel S. Shull.

"Wherefore the court finds for the plaintiff as aforesaid with costs of suit and have execution thereof."

The evidence clearly discloses, even upon defendant's theory, that Jones made Shull his agent to sell this property; that whilst that relation existed, Shull claims to have bought the property, for a price which the trial court could readily find to have been inadequate. In other words, a confidential relationship, i. e., that of principal and agent is shown, and this of itself placed the burden upon Shull to show that the deal between him and his client was equitable and fair. Of this the trial court had the right to judge, if the pleadings permitted such judgment, and this to our mind is the serious question in the case. Jones had not been declared *non compos* at the date of the deed. But, if as a fact he was *non compos,* his deed could have been avoided. The petition it is true does not offer to place Shull *in statu quo,* but the judgment does so place him. The petition, being one in equity, prays for general relief. It says in the prayer:

"Wherefore, plaintiff prays the court to set aside said deed and to hold the same for naught, and for such other orders and judgments in the premises as to the court shall seem just and proper."

The real question, therefore, in this case is, whether or not, under this petition and its prayer for general relief, the court had the right to enter the judgment which was entered. This judgment indicated that the court found as a matter of fact that Shull dealt with a person *non compos,* and that on such deal he paid out $216.50, for which he should be reimbursed. Such finding was amply authorized by the evidence, but was it proper under the petition? We think so. When courts of equity, by a bill properly framed, acquire jurisdiction of a cause, such jurisdiction will not be released until full equity has been done, if there be a prayer for general relief, as there is in the instant case. This is true, although the plaintiff asks for some kind of relief which cannot be granted. In such case the court will hear the facts and

grant the relief to which he may be entitled. [Holland v. Anderson et al., 38 Mo. l. c. 58; Phillips v. Jackson, 240 Mo. l. c. 336.]

Following this time-honored rule in equity cases, we are impressed that the judgment here is within the purview of the pleadings, and, as we have held that we will not disturb it upon the facts, it must stand.

These paragraphs cover the substantial objections of the defendant. There are others which we deem it unnecessary to discuss. From it all we are convinced that the trial court reached a righteous judgment in this case, and that it should be affirmed. It is so ordered. All concur.