Harold E. COX, Trustee, Plaintiff-Respondent,

v.

Reuben FISHER et al., Defendants-Appellants.

No. 47015.

Supreme Court of Missouri,

Division No. 1.

April 13, 1959.

Edwin C. Orr, Orr & Sapp, Columbia, for plaintiff-respondent, Harold E. Cox, Trustee.

David V. Bear, Robert Hines, Columbia, for defendants-appellants, Reuben Fisher, Ola Mae Fisher, I. A. Fisher, H. P. Fisher, R. H. Fisher, and Mary Weaver.

J. R. Baker, Fulton, for defendant-appellant, Dollie Vaughn.

VAN OSDOL, Commissioner.

This is an action for a declaratory judgment instituted by plaintiff Harold E. Cox, trustee under an inter vivos trust indenture denominated a "Deed in Trust," and an amending instrument, executed by Joe Hall, now deceased, against defendants Reuben Fisher, Ola Mae Fisher, Dollie Vaughn, I. A. Fisher, H. P. Fisher, O. H. Fisher, R. H. Fisher, Mary Weaver and others, beneficiaries under the trust indenture. The trust instruments conveyed interests in real estate and in personalty.

Plaintiff sought a judgment declaring whether or not the above-named defendants had forfeited their interests as beneficiaries because of an alleged violation of a "no-contest" clause, a part of the indenture as amended by the trustor. Plaintiff also asked the trial court to determine the persons who constitute the "lawful heirs at law" of Joe Hall, and to direct the proper manner of final distribution of the corpus of the trust estate. The trial court by its decree declared a forfeiture of the beneficial interests of the above-named defendants (except the above-named defendant Ola Mae Fisher). Other beneficiaries, who are not mentioned supra and who were joined as defendants, are not alleged to have participated in contesting the validity of the trust instruments. Defendants (above named, except defendant Ola Mae Fisher) have appealed; and they are hereinafter generally referred to as "appellants."

Joe Hall, a resident of Callaway County who died without descendants, December 26, 1954, had executed an inter vivos trust indenture June 11, 1953. The wife of the trustor Hall had died April 12, 1953. Harold E. Cox, plaintiff-respondent here, is a successor to the originally designated trustee. Under the indenture the trustee was to hold in trust described tracts of land, including Tract 1 in Boone County consisting of 157.66 acres and Tract 4 in Callaway County containing approximately 140

acres, and personal property to the use of the trustor for life and then to or to the use of beneficiaries including appellants. However, during trustor's life the defendants Reuben Fisher, nephew of trustor Hall, and Ola Mae Fisher, Reuben's wife, were to occupy and reside on Tract 1 for the life of the survivor subject to stated conditions, and payment of rent to the trustee; and defendant Dollie Vaughn, niece of trustor Hall, was to reside on Tract 4 subject to similar conditions and terms. After trustor's death, Tracts 1 and 4 were to be continued in occupancy by these respective defendants as before, except that they were not to pay rent.

November 18, 1953, trustor Hall executed an amending instrument by which he revoked some of the paragraphs of the original indenture and substituted other paragraphs in lieu thereof. And by the amendment the trust was declared irrevocable.

By Paragraph 20–A of the amending instrument it was provided that if *"any beneficiary under this trust shall contest the validity thereof* or attempt to vacate, alter or change any of the provisions thereof, *such person shall thereby be deprived of all beneficial interest hereunder,* and of any share, right or interest in the trust property, and the share of such person shall become a part of the residuary corpus of said trust, and such person shall be excluded from taking any part of such residuary corpus, and the same shall be divided equally among the other persons entitled to take such residuary corpus, under the provisions of Paragraphs 17 and 20 of said Deed in Trust." (Our italics.)

April 22, 1953, Joe Hall had been adjudged to be of unsound mind by the Probate Court of Callaway County. From this order an appeal was taken to the Circuit Court where, November 19, 1953, the order was set aside. Subsequently, March 18, 1954, Joe Hall was again adjudged incompetent and March 30, 1954, the late Colonel Thomas H. Van Sant was appointed guardian. April 12, 1954, before the death of trustor Hall, Colonel Van Sant as guardian instituted an action in the Circuit Court of Callaway County against the (then) trustees including Harold E. Cox, trustee, plaintiff-respondent herein. Appellants joined as plaintiffs in that action. The guardian and the above-named defendants-appellants in this case, plaintiffs in that case, sought to set aside the original indenture and the amending instrument on the ground that trustor was of unsound mind when he executed them. As stated, named defendants-appellants herein joined with the guardian as parties plaintiff in the action to set aside the trust instruments; and other beneficiaries under the trust indenture were joined as defendants in that action. Upon trial of that case the issues were found for defendants and the trial court adjudged that trustor was competent when he executed the trust instruments. Trustor Hall died soon after the trial, but before the trial court rendered judgment in that case. No appeal was taken from the judgment.

January 26, 1956, after the rendition of the judgment and decree in the action to set aside the trust instruments (which action we shall hereinafter sometimes refer to as the "contest action") defendant-appellant herein, Reuben Fisher, instituted an action for specific performance of an oral contract by which Joe Hall had allegedly agreed to devise Tract 1 to Reuben. The specific performance case was tried in the Circuit Court of Boone County and resulted in a decree favorable to plaintiff Reuben, which judgment and decree was affirmed upon appeal to this court. Fisher v. Cox, Mo.Sup., 312 S.W.2d 775. We suppose the Fisher v. Cox decision vitiated any apparent legal title of the trustee and equitable interests of the beneficiaries in Tract 1 conveyed by trustor by the instruments involved herein. Any title or interest in Tract 1 conveyed by the trust instruments must have been subject to the existing right of Reuben Fisher to specific performance against trustor Hall. Fisher v. Cox, supra.

The instant case was tried during the pendency of Fisher v. Cox in this court upon appeal. In the statement of facts in the opinion by this court (Fisher v. Cox, supra) mention was made of one Joe Hutchinson who was not related to the Halls and who as a child twelve years of age was taken into the Hall home and remained there throughout the years and until trustor Hall's death in 1954. Hutchinson is the principal life beneficiary under the trust instruments involved here. Described personalty and moneys were to be delivered and paid to him upon trustor's death in recognition and consideration "for the valuable services which he has rendered to me and my wife prior to this date"; and, under Paragraph 17 (and the new Paragraph 17–A, added by the amending instrument), upon trustor's death and the closing of the administration of his estate other personalty was to be reduced to cash and distributed to the "heirs at law of First Party (trustor), per capita, and not per stirpes." Under Paragraph 20 of the trust indenture, originally and as amended, real estate other than Tracts 1 and 4 was to be held in trust as in the paragraph provided for Joe Hutchinson for life and, upon Hutchinson's death, the land was to be sold and the net proceeds therefrom were to be distributed "to those persons who shall then constitute the heirs at law of First Party (trustor), per capita and not per stirpes."

■ It is contended by appellants that the no-contest provision, Paragraph 20–A, is not applicable and effective in forfeiting the beneficial interests of appellants because, it is said, appellants have not actually contested the validity of the trust in any way as was contemplated by the no-contest provision, and they have not otherwise been guilty of conduct which would invoke a forfeiture under the provision. It is argued that forfeiture provisions are to be strictly construed and forfeiture avoided if reasonably possible, and that the conduct of appellants did not come within the express terms of the quoted no-contest provision.

Appellants further contend that, if it be held there was a "contest" on the part of appellants within the meaning of Paragraph 20–A, appellants had probable cause for joining as plaintiffs with the guardian in contesting the validity of the trust instruments and, that, consequently, the trial court erred in ruling that "probable cause" was not an issue in the instant case.

Counsel for the parties, appellants and respondent, have been diligent in making research for authorities supporting their respective positions herein upon this appeal and have cited numerous cases which they deem helpful to us here. We have examined these cases, but it is tacitly conceded that no case has been found which is more than merely persuasive in supporting counsels' positions here. A clause in a will providing for forfeiture of all beneficial interest of a devisee or legatee in the event of the beneficiary's contest has been held valid as against the contention of its invalidity as violative of public policy. The right of the individual to deal with his own property was recognized, including the freedom of action in respect to the disposition of his own property, and there was the further recognition of the individual donor's right to visit the grave consequence of a forfeiture upon the beneficiary who attempted to frustrate the intention of the donor as expressed in the disposing instrument. In re Chambers' Estate, 322 Mo. 1086, 18 S.W.2d 30, 67 A.L.R. 41. See also Commerce Trust Co. v. Weed, Mo.Sup., 318 S.W.2d 289. Likewise, in a case involving a forfeiture clause or provision in an inter vivos trust the provision was held valid and enforceable. Rossi v. Davis, 345 Mo. 362, 133 S.W.2d 363, 125 A.L.R. 1111. In the Rossi case the doctrine of the Chambers' case was upheld and applied to the forfeiture provision of the Rossi trust indenture; and it was further made clear, in the Rossi case, that a valid forfeiture provision is to be enforced upon violation without regard to any exception based upon the good faith and probable cause of the contestant. And

these decisions were adhered to in Commerce Trust Co. v. Weed, supra.

In the Rossi case, the institution of the discovery proceeding by the administratrix, who was the daughter of the trustor, was held to forfeit her (personal) beneficial interest in the trust established by the Rossi trust indenture. The discovery proceeding was in essence and effect an attack on the validity of the trust instrument. Obviously, in the Rossi case the trustor had died before the trustor's personal representative, the administratrix, instituted the discovery proceeding and, had the administratrix succeeded in the discovery action in having the trust instrument adjudged invalid, the property comprising the corpus of the Rossi trust estate would have been assets of the trustor's personal estate in which the daughter would have shared as heir and distributee. So we may say that, the trustor Rossi having died prior to the time of the institution of the discovery proceeding, the daughter had an interest as heir at law and could have personally instituted an action to contest the indenture, and she (circuitously) as administratrix did pursue what was in effect a contest action by instituting the discovery proceeding. We note that the Rossi "no-contest" or forfeiture clause provided that "should any of the parties of the third part (of whom the daughter was one) * * * institute any action or proceedings of any kind in any court at any time for the purpose of setting aside this instrument, on any ground whatsoever, and be unsuccessful therein, * * *" [345 Mo. 362, 133 S.W.2d 373]—broader language than the forfeiture provision involved in the instant case.

The principles announced, explained, and adhered to in the Chambers', Rossi and Weed cases support the trial court's ruling in the instant case that the question of probable cause was not an issue in the case. But we must examine the initial contention of appellants that their joinder as plaintiffs in the action to contest the

Hall trust instruments did not effect a forfeiture of their beneficial interests in the trust estate.

■ In determining what constitutes a "contest" or other violation of a no-contest or forfeiture provision, it would seem the facts of the particular case are to be considered, taken into account and applied with a careful regard for the phrasing or language of the no-contest or forfeiture clause; and, having in mind that forfeitures are not favored by the law, a no-contest or forfeiture provision is to be enforced where it is clear that the trustor (or testator) intended that the conduct in question should forfeit a beneficiary's interest under the indenture (or will). Liggett v. Liggett, 341 Mo. 213, 108 S.W.2d 129; cases collected in the Annotation 49 A.L.R.2d 198, at pages 203–204; 57 Am.Jur., Wills, § 1511, pp. 1024–1025.

Considering the facts of the instant case (particularly the facts that the trustor Hall was living at the time of the institution of the contest action; that he had been adjudicated of unsound mind and was under guardianship; and that the duly appointed and qualified guardian acting in his ward's behalf questioned the competency of his ward to execute the trust instruments) in connection with the precise language of the no-contest provision, Paragraph 20–A, supra, we cannot approve and affirm the decision of the distinguished trial chancellor.

■ We have noticed the initial phrase or clause of Paragraph 20–A, that is, "If any beneficiary under this trust shall contest the validity thereof"—and giving the quoted clause a strict construction it would be reasonable to say that trustor contemplated a contest by a beneficiary who because of his or her interest as an heir at law of trustor had the capacity to institute and maintain an action designed to contest the validity of the trust. In the instant case (as distinguished from the Rossi case) when the action to contest

the Hall trust instruments was instituted by the trustor's guardian and appellants herein, the trustor was living and any interest which appellants had in the litigation was as beneficiaries. Appellants had no fixed or vested interest as heirs at law in trustor's property before trustor's death. Had the contest action been successful and had the trustor lived until and after the final judgment in the action, appellants, as heirs at law, would not have had a vested interest in Hall's estate until Hall's death, and only then, if, having become competent after such judgment, trustor in his lifetime had not disposed of his property by subsequently executed instruments. It is settled that heirs apparent or expectant heirs of a living person have no fixed or vested interest in the property of such person. State ex rel. McClintock v. Guinotte, 275 Mo. 298, 204 S.W. 806; Wass v. Hammontree, Mo.Sup., 77 S.W.2d 1006; Tracy v. Sluggett, 360 Mo. 1120, 232 S.W.2d 926; Cull v. Pfeifer, Mo.Sup., 307 S.W.2d 424. We here point out that appellants, in the circumstance of a duly appointed and qualified guardian for an alleged incompetent, could not have maintained the action to contest the trust indentures as did the plaintiffs in the Tracy and Cull cases in the extraordinary facts as alleged in those cases and wherein there were no appointed and duly qualified guardians for the alleged incompetents.

This was the position of plaintiff-respondent trustee as stated in his answer as a defendant in the contest action. In that case the trustee, defendant in that case, plaintiff-respondent here, stated in his answer that plaintiffs in that case, appellants here, "did not at the time of the filing of this suit have any interest in the property of Joe Hall, do not now have any interest in the property of Joe Hall, and that they have no right of action whatsoever against Joe Hall, his trustees or the other defendants named in this case by them, and because of the fact that they have no interest in said property, they, therefore, have no right of action against the defendants named herein, no standing in this Court, and no right to bring the action so brought by them, no right to contest the action of the said Joe Hall in executing the trust agreement mentioned in their petition, and said cause of action filed by them should be dismissed by this Court."

■ It is true that, as beneficiaries, appellants were necessary parties to any action instituted for the trustor by the guardian to set aside or to declare the trust instrument invalid, but they were not necessary parties plaintiff. They unnecessarily joined the guardian as plaintiffs in bringing the contest action. It is also true that appellants, realistically, were not joining in and furthering any personal choice or purpose or intent on the part of the trustor to set aside the trust instruments. The guardian was not the alter ego of the trustor in any sense that the guardian could be said to be thinking for and executing the trustor's own personal purpose to set aside the instruments. The guardian could have been acting only on his information and belief in questioning the competency of the ward, the trustor, at the time the instruments were executed. But, in the legal sense, in the contest action the trustor was actually a plaintiff who in an action in his behalf by his guardian was raising the issue of his own incompetency as of the time he executed the trust instruments. It is written that an insane person retains title to his property and actions instituted by guardian should be in the name of the ward, by the guardian. Gibson v. Shull, 251 Mo. 480, 158 S.W. 322; Kleber v. Carlos, Mo.Sup., 202 S.W.2d 865.

Consequently, in a way, it could be said that by joining as parties plaintiff in the contest action appellants were attempting to thwart or frustrate trustor's intention as of the time he executed the trust instruments; nevertheless, they were joining in and furthering trustor's purpose at the time he by guardian was asserting in the contest action his own incompetency as

of the time he executed the trust instruments. Since appellants, when the contest action was instituted, could not have been contestants in any legal sense, we think it is not clear that trustor intended the term "contest" to be applicable to appellants' conduct in the circumstances of this case; and, in the situation in this case, it would be too austere to hold a forfeiture of their interests merely because appellants, not being contestants in a legal sense, were joining the guardian in that litigation which action was prompted by their apparent belief of trustor's incompetency.

As indicated, we are unwilling to approve and affirm the trial court's judgment and decree declaring a forfeiture. But we are in agreement with the trial chancellor's findings that there was not sufficient evidence adduced from which could be determined the persons who are the lawful heirs at law of Joe Hall; that any declaration of the manner of the final distribution of the corpus of the trust estate would be premature at this time; and that the costs of the trial of this cause should be taxed against plaintiff-respondent trustee to be paid out of the assets of the trust estate.

The trial court's judgment and decree should be reversed, and the cause should be remanded with directions that the trial court enter a judgment declaring that appellants' beneficial interests are not to be forfeited and are unaffected by the forfeiture provision, Paragraph 20–A of the amending trust instrument.

It is so ordered.

COIL, C., concurs.

HOLMAN, C., absent.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.