

# In the Missouri Court of Appeals
## Western District

| | |
|---|---|
| SAMUEL S. KNOPIK, ) | |
| Appellant, ) | |
| v. ) | WD81931 |
| ) | |
| SHELBY INVESTMENTS, LLC, ) | FILED: May 14. 2019 |
| Respondent. ) | |

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE MARK A. STYLES, JR., JUDGE

### BEFORE DIVISION ONE: VICTOR C. HOWARD, PRESIDING JUDGE, LISA WHITE HARDWICK AND GARY D. WITT, JUDGES

After Samuel Knopik stopped receiving monthly distributions from a trust of which he was the sole beneficiary, he filed suit against the trustee, Shelby Investments, L.L.C., ("Trustee") for breach of trust and removal of the trustee. Trustee filed a counterclaim for a judgment declaring that Knopik's petition violated the trust's no-contest clause and, as a result, revoked and canceled all trust provisions in his favor. The circuit court granted Trustee's motion for summary judgment on its counterclaim. Knopik appeals, asserting that the no-contest clause is unenforceable. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

On December 21, 2016, Gift L.L.C., ("the settlor"), and Trustee, as the sole trustee, entered into a trust agreement called the "Knopik Irrevocable Trust." Knopik was the sole beneficiary of the trust. Section 2 of the trust provided:

2. Distribution of Income and Principal during Sam Knopik's Lifetime.

During Sam Knopik's lifetime, each month, on the first business day of the month, beginning in December 2016 and ending in December 2020, the Trustee shall distribute to Sam Knopik One Hundred Dollars ($100.00) from the trust estate. The Trustee shall add any undistributed net income to principal. On January 4, 2021, the Trustee shall distribute the remaining trust estate to the Settlor, terminating the trust.

In February 2017, Knopik received a single payment of $100 pursuant to the terms of the trust. Since February 2017, Trustee has not made any monthly payments to Knopik. Trustee has affirmatively stated that it does not intend to make any future payments to Knopik.

On August 18, 2017, Knopik filed his petition against Trustee. In Count I, he alleged that Trustee breached its fiduciary duties as trustee. In Count II, Knopik sought the removal of Trustee and requested the appointment of a replacement trustee.

Trustee filed an answer admitting many of the allegations set forth by Knopik and counterclaiming for declaratory judgment. In its counterclaim, Trustee asserted that Knopik's petition violated Section 12 of the trust, which stated:

12. No Contest.

In case any beneficiary shall (i) contest the validity of this trust, or any provision hereof, in whole or in part; (ii) make a claim against a trustee

2

for maladministration or breach of trust; or (iii) attempt to remove a trustee for any reason, with or without cause; then such contest or claim and such attempt shall cancel and terminate all provisions for or in favor of the beneficiary making or inciting such contest or claim, without regard to whether such contest or claim shall succeed or not; and all and any provisions or provision herein in favor of the beneficiary so making such contest or claim, or attempting or inciting the same, to be revoked and of no force and effect; and the entire trust estate shall revert to the Settlor and be distributed to the Settlor.

Trustee requested a judgment declaring that Knopik violated the no-contest clause by asserting a claim of breach of trust and by seeking to remove Trustee. Trustee further requested that the court declare that, as a result of Knopik's violation of the no-contest clause, all trust provisions in favor of him were canceled and terminated, and the trust assets should revert to the settlor.

Both parties filed motions for summary judgment on their respective claims. The circuit court entered summary judgment in favor of Trustee on its counterclaim after finding that Knopik's filing his petition for breach of trust and removal of the trustee violated the trust's no-contest clause. Knopik appeals.

STANDARD OF REVIEW

Appellate review of a summary judgment is "essentially *de novo*." *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). A motion for summary judgment should be granted where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id*. In this case, there are no disputed issues of material fact. Consequently, whether summary judgment was proper is purely an issue of law. *Farish v. Mo. Dep't of Corr.*, 416 S.W.3d 793, 795 (Mo. banc 2013).

3

In his sole point on appeal, Knopik contends the circuit court erred in entering summary judgment in favor of Trustee on its counterclaim for declaratory judgment. He argues that the trust's no-contest clause is unenforceable.

The Missouri Supreme Court has long recognized the validity and enforceability of no-contest clauses in trusts and wills. *See, e.g., Cox v. Fisher*, 322 S.W.2d 910, 914 (Mo. 1959) (trust); *Commerce Trust Co. v. Weed*, 318 S.W.2d 289, 299 (Mo. 1958) (will); *Rossi v. Davis*, 133 S.W.2d 363, 367 (Mo. 1939) (trust). To determine what constitutes a violation of a no-contest clause, the Court directs us to consider the facts of the particular case, "taken into account and applied with a careful regard for the phrasing or language of the no-contest or forfeiture clause." *Cox*, 322 S.W.2d at 914. While we are to keep in mind that "forfeitures are not favored by the law," we must, however, enforce a no-contest provision "where it is clear that the trustor (or testator) intended that the conduct in question should forfeit a beneficiary's interest under the indenture (or will)." *Id*.

Although the Court in *Commerce Trust* acknowledged that "a number of states" do not enforce no-contest provisions "where the action was brought in good faith and with probable cause," the Court specifically declined to adopt that position, instead holding that no-contest provisions "should be enforced without regard to any exception based upon the good faith and probable cause of the

4

contestant." 318 S.W.2d at 299, 301.[1] This is because "a person may dispose of his property as he wishes." *Rossi*, 133 S.W.2d at 372. Hence, "[t]o engraft upon the condition thus distinctly expressed by the maker an exception not expressed nor reasonably implicable from the language of the instrument is to nullify the will of the maker, if in fact it be his will." *Id*. "Our task is to ascertain and give effect to the [settlor's] intention, in regard to the provision in question." *Commerce Trust*, 318 S.W.2d at 302. Therefore, while a no-contest clause is to be strictly construed, "we should not place a strained or overtechnical construction upon the language used in order to enable a beneficiary to take under the [trust] and thus ignore the condition imposed and accordingly refuse to give effect to the intent of the [settlor]." *Id*.

Knopik argues that *Cox* and *Commerce Trust* are not controlling because they involved the enforceability of no-contest clauses that prohibited only challenges to the validity of the instrument or its provisions and not challenges to the administration of the instrument. In other words, he asserts that the no-contest clauses in *Cox* and *Commerce Trust* were limited to prohibiting the conduct set forth in subsection (i) of the no-contest clause here, and, therefore, those cases did not address the enforceability of clauses that prohibit the type of conduct asserted in subsections (ii) and (iii) of the no-contest clause in this case.

---

[1] Missouri continues to be recognized as one of "a sizable minority of states" that enforce no-contest clauses "absolutely, so that any beneficiary who brings a 'contest,' as defined in the language of the instrument, will be disinherited if the will turns out to be valid and admissible." Deborah S. Gordon, *Forfeiting Trust*, 57 Wm. & Mary L. Rev. 455, 468-69, 469 n.48 (2015).

5

While Knopik is correct that the no-contest clauses in *Cox* and *Commerce Trust* did not prohibit challenges to the administration of the instruments at issue in those cases, we do not find that the principles enunciated in those cases are limited to only no-contest clauses that prohibit contests to the validity of the instrument or its provisions. The clear import of *Cox*, *Commerce Trust*, and *Rossi* is that, because a settlor or testator is free to dispose of his property as he wishes, he has the power to determine what type of conduct by a beneficiary will forfeit that beneficiary's interest in the instrument. Where the settlor explicitly and unambiguously describes that conduct in a no-contest clause, we are bound to enforce the settlor's clear intent. Accordingly, in the more recent case of *Tobias v. Korman*, 141 S.W.3d 468, 477 (Mo. App. 2004), the Eastern District of this court held that beneficiaries who asserted trust administration claims against the trustee forfeited their interest in the trust under a no-contest clause that provided that, "[i]f any beneficiary, excluding trustee, *makes any allegation or causes litigation* either prior to or after his death they will automatically forfeit their designated amount." (Emphasis added.)

Applying the principles from *Cox*, *Commerce Trust*, and *Rossi* to the trust in this case, the plain language of the no-contest clause expressly provides that, if Knopik asserts claims against Trustee for maladministration or breach of trust or attempts to remove Trustee for any reason, with or without cause, all trust provisions in favor of Knopik are canceled, terminated, and revoked, regardless of whether such claims against Trustee are successful. Pursuant to this unambiguous

6

language, it was clearly the settlor's intention that Knopik's filing a petition asserting breach of trust and removal of Trustee would forfeit his beneficiary interest in the trust.  To hold otherwise would nullify the settlor's will as to the disposition of its property.

Knopik asserts several reasons why he believes the trust's no-contest clause is unenforceable or should not apply to the claims in his petition.  If Knopik wished to challenge the enforceability and applicability of the trust's no-contest clause to the claims in his petition, however, he should have done so in a proceeding under Section 456.4-420, RSMo 2016.[2]  This statute, enacted in 2014, provides that a person with an interest in an irrevocable trust "may file a petition to the court for an interlocutory determination whether a particular motion, petition, or other claim for relief by the interested person would trigger application of the no-contest clause or would otherwise trigger a forfeiture that is enforceable under applicable law and public policy."  § 456.4-420.1.[3]  If the court determines that the interested person's proposed claims would trigger application of the no-contest clause, the interested person has the right to an appeal of that decision, including the right to an interlocutory appeal if the order disposes of fewer than all claims for relief.  § 456.4-420.3.  The court's ruling on the interested party's petition under Section

---

[2] All statutory references are to the Revised Statutes of Missouri 2016.

[3] The statute further provides that, in ruling on the petition for an interlocutory determination, "the court shall consider the text of the clause, the context to the terms of the trust instrument as a whole, and in the context of the verified factual allegations in the petition."  § 456.4-420.2.  "No evidence beyond the pleadings and the trust instrument shall be taken except as required to resolve an ambiguity in the no-contest clause."  *Id*.

7

456.4-420 is binding, as the statute provides that it "shall result in the no-contest clause being enforceable to the extent of the court's ruling, and shall govern application of the no-contest clause to the extent that the interested person then proceeds forward with the claims described therein." § 456.4-420.4.

Section 456.4-420 provided a "safe harbor" in which Knopik could have challenged the enforceability and applicability of the no-contest clause to his claims for breach of trust and removal of trustee.[4] Instead of taking this route, Knopik chose to file his petition asserting the exact claims that the settlor clearly and unambiguously stated would forfeit his beneficiary interest in the trust. Because courts can neither ignore the plain language of a no-contest clause nor refuse to give effect to the settlor's intent, we find that the circuit court properly found that Knopik's petition violated the trust's no-contest clause. Therefore, the court did not err in granting summary judgment in favor of Trustee on its declaratory judgment claim.

**CONCLUSION**

The judgment is affirmed.

LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

---

[4] We express no opinion as to whether such a challenge, if properly made under Section 456.4-420, would have been successful.