

# SUPREME COURT OF MISSOURI
## en banc

SAMUEL S. KNOPIK, )
           )
           Appellant, )
           )
v. )
           )
SHELBY INVESTMENTS, LLC, )
           )
           Respondent. )

*Opinion issued March 17, 2020*

No. SC97985

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### The Honorable Mark A. Styles, Jr., Judge

After a beneficiary stopped receiving distributions from a trust of which he was the sole beneficiary, he filed suit against the trustee for breach of trust and removal of the trustee. The trustee filed a counterclaim for a judgment declaring that the beneficiary's petition violated the no-contest clause in the trust instrument and, as a result, revoked and cancelled all trust provisions in the beneficiary's favor. The circuit court sustained the trustee's motion for summary judgment on its counterclaim. The beneficiary appeals, asserting the no-contest clause is unenforceable. The circuit court did not err in entering summary judgment in favor of the trustee on its declaratory judgment claim because the

beneficiary did not seek relief from the no-contest clause pursuant to section 456.4-420,[1] in which he could have challenged the enforceability and applicability of the no-contest clause to his claims.  The beneficiary, instead, filed a petition asserting the exact claims the settlor unambiguously stated would forfeit the beneficiary's interest in the trust.  The judgment is affirmed.[2]

## Background

Gift L.L.C. ("Settlor") created the Knopik Irrevocable Trust ("Trust") in late December 2016.  The provisions of the Trust established Shelby Investments, L.L.C. ("Trustee") as the sole trustee and Samuel Knopik ("Beneficiary") as the sole beneficiary of the Trust.  The Trust was to provide the Beneficiary with a $100-per-month distribution, beginning in December 2016 and ending in December 2020.  Provision 12 of the Trust, denominated "No Contest," provided:

> In case any beneficiary shall (i) contest the validity of this trust, or any provisions hereof, in whole or in part; (ii) make a claim against a trustee for maladministration or breach of trust; or (iii) attempt to remove a trustee for any reason, with or without cause; then such contest or claim and such attempt shall cancel and terminate all provisions for or in favor of the beneficiary making or inciting such contest or claim, without regard to whether such contest or claim shall succeed or not; and all and any provisions or provision herein in favor of the beneficiary so making such contest or claim, or attempting or inciting the same, to be revoked and of no force and effect; and the entire trust estate shall revert to the Settlor and be distributed to the Settlor.

---

[1] All statutory references are to RSMo 2016, unless otherwise noted.
[2] This Court transferred this case after an opinion by the Missouri Court of Appeals, Western District.  Mo. Const. art. V, sec. 10.  Portions of the court of appeals' opinion, authored by Judge Lisa White Hardwick, are incorporated without further attribution.

The Trustee made a single distribution to the Beneficiary in February 2017 but made no further distributions pursuant to the terms of the Trust. In August 2017, the Beneficiary filed a petition against the Trustee for breach of trust and to remove the Trustee. The Trustee admitted it made the single payment pursuant to the Trust, despite additional distributions being required. The Trustee further admitted it had indicated to the Beneficiary that it did not intend to make any future payments pursuant to the Trust. The Trustee also raised a counterclaim for declaratory judgment, asking the circuit court to determine that, due to the violation of the "No Contest" provision of the Trust, all provisions of the Trust in favor of the Beneficiary were cancelled and terminated. The Beneficiary and the Trustee each filed motions for summary judgment. The circuit court entered summary judgment in favor of the Trustee on its counterclaim after finding that the Beneficiary's filing of his petition for breach of trust and removal violated the Trust's no-contest clause. The Beneficiary appeals.

## Standard of Review

Appellate review of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). When disputed issues of material fact are not in issue, as is the case here, whether summary judgment was proper is exclusively an issue of law. *Farish v. Mo. Dep't of Corr.*, 416 S.W.3d 793, 795 (Mo. banc 2013).

## Analysis

There is no dispute as to the facts in this case. Only one question of law is presented: is the no-contest clause in the trust document enforceable? The Beneficiary

3

asks this Court for relief by making one or both of the following holdings: (1) that no-contest clauses do not apply to actions for breach of trust and/or removal of a trustee; (2) that no-contest clauses are subject to a good faith/probable cause exception. Under the facts of this case, this Court declines to make either holding.

A no-contest clause in a trust serves a dual purpose: it permits the settlor to dispose of his own property as he sees fit, and it forces "the grave consequence of a forfeiture upon the beneficiary who attempt[s] to frustrate the intention of the donor as expressed in the disposing instrument." *Cox v. Fisher*, 322 S.W.2d 910, 913 (Mo. 1959). This Court has long held valid and enforceable provisions in wills and trusts instructing that a contest to the validity of the instrument will result in forfeiture. *See, e.g.*, *id.*; *Commerce Tr. Co. v. Weed*, 318 S.W.2d 289, 299 (Mo. 1958); *Rossi v. Davis*, 133 S.W.2d 363, 372 (Mo. 1939); *In re Chambers' Estate*, 18 S.W.2d 30, 37 (Mo. banc 1929). Resolving the issue of whether a beneficiary has violated a forfeiture provision of a trust depends on the facts of the case and the language of the forfeiture provision. *Cox*, 322 S.W.2d at 914. The basic principle is that "a no-contest or forfeiture provision is to be enforced where it is clear that the [settlor] intended that the conduct in question should forfeit a beneficiary's interest under the [trust]." *Id.*

The Beneficiary notes prior Missouri cases addressed the enforceability of no-contest clauses that prohibited challenges to the *validity* of the instrument. In other words, the Beneficiary asserts that because the no-contest clauses in *Cox* and *Commerce Trust* were limited to prohibiting the conduct set forth in subsection (i) of the no-contest clause – challenges to the validity of the trust – the reasoning of those cases does not

4

apply to the enforceability of clauses prohibiting the type of conduct asserted in subsections (ii) – maladministration or breach of trust – or (iii) – removal of the trustee – of the no-contest clause in this case.

The Beneficiary is correct that the prior cases addressed trust validity. The Trustee is also correct that the principles invoked in reaching those prior decisions are broad and potentially applicable to claims for breach of trust and removal of a trustee. But regardless, the prior cases indicate that, because a settlor is free to dispose of his property as he wishes, the settlor has the power to determine what type of conduct by a beneficiary will forfeit the beneficiary's interest in the instrument. As explained in *Commerce Trust*:

> [The court's] task is to ascertain and give effect to the [settlor's] intention in regard to the provision in question. We recognize that a forfeiture clause is to be strictly construed, but we should not place a strained or overtechnical construction upon the language used in order to enable a beneficiary to take under the [trust] and thus ignore the condition imposed and accordingly refuse to give effect to the intent of the [settlor].

318 S.W.2d at 302. When a settlor explicitly and unambiguously describes the type of conduct by a beneficiary that will cause forfeiture, the settlor's clear intent cannot be overlooked.

There is no doubt that the language of the Trust indicated the Settlor's clear intent to impose the result of forfeiture when the Beneficiary filed his petition. Provision 12 of the Trust purported to require forfeiture if the Beneficiary were to contest the validity of the Trust, make a claim against the Trustee for maladministration or breach of trust, or attempt to remove the Trustee for any reason. The petition the Beneficiary filed in the

5

circuit court contained two counts. Count I was titled "Breach of Trust." Count II – "Removal" – sought removal of the Trustee and proposed a replacement trustee. When the Beneficiary filed his petition, violation of the plain language of Provision 12 was evident. The circuit court found the filing of the petition, as pleaded, to be in violation of the Trust's no-contest provision, and the circuit court ordered that all provisions of the Trust in favor of the Beneficiary be cancelled and terminated. The Beneficiary asks for relief by having this Court rule that no-contest clauses are inapplicable when the action is for breach of trust or removal of a trustee.

However, if the Beneficiary wished to challenge the enforceability and applicability of the no-contest clause to the claims in his petition, he should have done so in a proceeding under section 456.4-420. Section 456.4-420, enacted by the Missouri legislature in 2014, addresses a procedure by which an interested person can seek to avoid the effect of no-contest clauses in trusts.[3] The statute provides "for an interlocutory determination whether a particular . . . petition . . . by the interested person would trigger application of the no-contest clause or would otherwise trigger a forfeiture that is enforceable under applicable law and public policy." Section 456.4-420.1. Upon consideration of the language of the clause, the relationship of the clause to the trust instrument, and the facts of the petition, the circuit court makes a determination that

---

[3] Under this statute, the term "no-contest clause" is defined as "a provision in a trust instrument purporting to rescind a donative transfer to . . . any person, or that otherwise effects a forfeiture of some or all of an interested person's beneficial interest in a trust estate as a result of some action taken by the beneficiary." Section 456.4-420.6.

6

"result[s] in the no-contest clause being enforceable to the extent of the court's ruling." Section 456.4-420.4. This determination is subject to appeal. Section 456.4-420.3.

Section 456.4-420 provided a "safe harbor" in which the Beneficiary should have invoked a challenge to the enforceability and applicability of the no-contest clause to his claims for breach of trust and removal.[4] But the Beneficiary chose to file his petition asserting the exact claims the Trust unambiguously stated would result in forfeiture. Because of the Beneficiary's failure to utilize section 456.4-420, this Court need not reach the issue of either delineating specific exceptions to the application of no-contest clauses or deciding whether a good faith or probable cause exception should be introduced in Missouri.

Courts cannot ignore the plain language of a no-contest clause. Here, the Beneficiary ignored the means provided by section 456.4-420 for challenging the enforceability and applicability of the no-contest clause to his claims. The circuit court properly found the petition violated the Trust's no-contest clause and did not err in entering summary judgment in the Trustee's favor on its declaratory judgment claim.

---

[4] Under different facts, and if an interested person adheres to the safe harbor provision, a settlor's clear intent may balance against other concerns in a challenge to a no-contest clause.

7

## Conclusion

The circuit court's judgment is affirmed.

_____
Mary R. Russell, Judge

Draper, C.J., Powell, Breckenridge, Stith,
and Fischer, JJ., concur; Wilson, J., concurs
in separate opinion filed.



# SUPREME COURT OF MISSOURI
## en banc

SAMUEL S. KNOPIK, )
)
      Appellant, )
)
v. ) No. SC97985
)
SHELBY INVESTMENTS, LLC, )
)
      Respondent. )

## CONCURRING OPINION

It is rare for a lawyer to build a career advising clients and litigating disputes without thinking, at least once, "Wouldn't it be great if we constructed a case that would force the courts to decide this question of law?" Fortunately, lawyers usually resist the temptation to pursue such an improper course. Usually, but not always.

For as long as there have been courts in the English common law tradition, one can safely assume there have been attempts to manufacture disputes for the purpose of manipulating those courts into giving advisory opinions about questions of law instead of waiting for such questions to arise in the ordinary course and be resolved by litigation between truly adverse parties. And, for as long as such attempts have been made, courts have resisted them. More than a century ago, this Court stated:

The authority of this, as of every judicial tribunal, is limited to the consideration of rights which are actually controverted. Unless some individual right directly affecting the parties litigant is thus brought in question, so that a judicial decision becomes necessary to settle the matter in controversy between those relative thereto, the courts have no jurisdiction; and it would be a perversion of the purposes for which they were instituted, and an assumption of functions that do not belong to them, to undertake to settle abstract questions of law, in whatever shape such questions may be presented. The legislature, and not the judiciary, promulgate laws for the future guidance of the people. Courts are called upon to construe the law, and apply it to the particular facts in controversy in actual controverted cases before them. *Sham proceedings and colorable disputes between parties actually friendly, to obtain the opinion of courts upon questions of law, for their own interests, or for their future guidance, have ever been condemned, and should never receive, knowingly, their approval*.

*State ex rel. Hahn v. City of Westport*, 36 S.W. 663, 667 (Mo. 1896) (emphasis added) (citations omitted).

In *Hahn*, this Court quoted at length from *Lord v. Veazie*, 49 U.S. 251 (1850), in which the United States Supreme Court held:

It is the office of courts of justice to decide the rights of persons and property, when the persons in interest cannot adjust them by agreement between themselves, and to do this upon the full hearing of both parties. Any attempt, by a mere colorable dispute, to obtain the opinion of the court upon a question of law, which a party desires to know for his own interest, or his own purposes, when there is no real and substantial controversy between those who appear as adverse parties to the suit, is an abuse which courts of justice have always reprehend, and treated as a punishable contempt of court.

*Hahn*, 36 S.W. at 667 (quoting *Lord*, 49 U.S. at 254-55).

*Hahn* also relied upon *California v. San Pablo & T.R. Co.*, 149 U.S. 308 (1893), in which the United States Supreme Court stated:

The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property which are actually controverted

2

in the particular case before it. When, it determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard.

*San Pablo & T.R. Co.*, 149 U.S. at 314.

This prohibition against fictitious or collusive suits has been summarized as follows:

A "fictitious action" or "fictitious suit" may be defined as an action or suit brought on pretense of a controversy when no such controversy in truth exists. A "fictitious suit" also may be defined as a mere colorable dispute to obtain the opinion of the court upon a question of law which a party desires to know for his or her own interest or purposes, when there is no real or substantial controversy between those who appear as adverse parties to the suits.

A "collusive action" or "collusive suit" is one brought by seemingly adverse parties under secret agreement and cooperation, with a view to have some legal question decided which is not involved in a real controversy between them. In accordance with the principle that the function of a judicial tribunal is to hear and determine real controversies, and the principle that court proceedings contemplate an adversary situation, the object of every action should be to settle a real controversy existing between the parties and involving adverse interests, and therefore an action or suit cannot be maintained if it appears that it has not such an object, but is fictitious or collusive.

An action cannot be maintained, as being fictitious or collusive, where its real object is to procure an advisory opinion of the court, without an actual contest. A court's power extends only to the cases and controversies brought before it. An action not founded upon an actual controversy between the parties to it, and brought for the purpose of securing a determination of a point of law, is collusive and will not be entertained. Nor can an action be maintained to procure a judgment which will affect or settle the rights or liabilities of third persons who are not parties to the action.

3

> An action will be precluded, as being fictitious or collusive, where its real purpose is for one party to control both sides of the lawsuit so as to bring about a predetermined, desired result, or to misuse the powers of the court to delay action in another court.

1A C.J.S. *Actions* § 70 (2020) (footnotes omitted). *See also* Erwin Chemerinsky, Federal Jurisdiction 48-49 (7th ed. 2016) (collecting cases for the proposition that collusive suits are not justiciable); 17 Am. Jur. 2d *Contempt* § 60 (2020) ("An attempt, by means of a mere colorable dispute, to obtain the opinion of the court upon a question of law which a party desires to know for personal interests or purposes, absent a real and substantial controversy between those who appear as adverse parties to the suit, is an abuse punishable as a contempt of court.") (footnote omitted).

It has been suggested that the present case is fictitious or collusive. *See* Kimberly E. Cohen, et al. *Advanced Estate Planning Practice Update: Summer 2019* (American Law Institute June 12, 2019) (quoted portion authored by Kathleen R. Sherby) (setting forth the circumstances surrounding this case and concluding: "Based on the circumstantial evidence gathered thus far, *Knopik* appears to be a 'contrived' case, put together by the two disappointed lawyers in [a prior matter].").  The author of this suggestion makes a compelling case but uses facts and inferences both within and outside the record now before this Court.  This Court, on the other hand, has authority to dismiss an appeal on the ground that the case is fictitious or collusive only if the record before the Court demonstrates this is so.  *State ex rel. Chandler v. McQuillin*, 130 S.W. 9, 12 (Mo.

4

1910); *Hahn*, 36 S.W. at 665-66. Here, the record falls short of that standard, and the Court declines to inquire of the parties and their counsel further on this issue.

It is devoutly to be hoped, however, that this case – and the ramifications and remedies that will flow from the pursuit of a fictitious or collusive suit, though they were not invoked here – come to mind the next time counsel or their clients consider feigning a dispute (or the appearance of one) merely for the purpose of securing an advisory opinion.

_____
Paul C. Wilson, Judge